446 A.2d 275

**John NECHWEDOWICH, Appellee,**

v.

**The GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC., Appellant,**

v.

**KEYSTONE TRUCKING CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1981.

Filed May 28, 1982.

Petition for Allowance of Appeal Denied Nov. 5, 1982.

Joseph A. Murphy, Scranton, for appellant.

Charles F. Wilson, Scranton, for Nechwedowich, appellee.

Michael Donohue, Scranton, for Keystone, appellee.

Before CAVANAUGH, McEWEN and BECK, JJ.

CAVANAUGH, Judge:

In this case an indemnity agreement had been entered into between The Great Atlantic and Pacific Tea Company, Inc., (referred to hereafter as A & P) the appellant, and Keystone Trucking Corporation, the appellee herein. The agreement provided among other things that "carrier [Keystone Trucking Corporation] agrees . . . except for cargo, to indemnify and hold harmless the A & P against all loss, cost, damage or liability of any kind or nature arising or growing out of or occurring in the performance of this contract."

The plaintiff in the court below, John Nechwedowich, was a truck driver employed by Keystone Trucking Company who was injured in June, 1975, while unloading cargo in the area of the A & P store in Nanticoke. As a result of the injuries suffered by the plaintiff he filed a complaint against A & P alleging that he was injured when he was using a metal plate supplied by A & P to bridge the gap between the truck and the loading platform onto which the truck driver was attempting to unload produce. The injuries occurred when the metal plate fell to the ground.[1] After Nechwedo-

1. Appellant alleged in paragraph 5 of the complaint:
    5. Pursuant to Paragraph One (d), Keystone Trucking Corp. agreed that it would, except for cargo, indemnify and hold harmless The Great Atlantic and Pacific Tea Company, Inc. against all loss, costs, damage, or liability of any kind or nature arising or

wich commenced the action in trespass against A & P that company filed a complaint as original defendant against Keystone Trucking Corporation as additional defendant. The basis of joinging Keystone was the indemnity agreement entered into between A & P and Keystone on August 8, 1974, and referred to above. The A & P alleged that Keystone was solely liable on the basis of the indemnity agreement. Keystone filed a motion for judgment on the pleadings and the complaint of A & P as original defendant against Keystone as additional defendant was dismissed. A & P has appealed from this order.

The sole question for our determination is whether a defendant in a trespass action may join as an additional defendant an employer of the plaintiff who has agreed with the defendant to imdemnify the defendant "against all loss, cost, damage or liability of any kind or nature arising or growing out of or occurring in the performance of this contract." The court below dismissed the complaint against the additional defendant on the grounds that an additional defendant cannot be joined solely on the basis of an agreement to indemnify an original defendant. In this respect, the court below erred. This case is controlled by *Szemanski v. Vulcan Materials Company*, 272 Pa.Super. 240, 415 A.2d 92 (1979). In that case the plaintiff was employed by United and he was doing repair work on a crane owned by Vulcan and located on Vulcan's premises. Vulcan was sued in

growing out of or occurring in the performance of the duties of Keystone Trucking Corp. under the contract.

Pursuant to the terms of the aforesaid Agreement, The Great Atlantic and Pacific Tea Company, Inc. tendered the defense of the present lawsuit to Keystone Trucking Corp. and Keystone Trucking Corp. has wrongfully refused to abide by the Agreement of August 8, 1974.

It is not claimed by appellant that the Keystone Trucking Corporation was liable on the basis of negligence but only on a contractual basis. The Workmen's Compensation Act, Act of December 5, 1974, P.L. 782, No. 263, § 303(b), 77 P.S. § 481(b) precludes indemnity against the employer in favor of a third party "unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract..."

trespass and attempted to join the employer (United) as an additional defendant on the basis of an indemnity agreement between Vulcan and United in which United agreed to indemnify Vulcan against "all losses and all claims, demands, payments, suits, actions, recoveries and judgments . . . arising out of any act or omission" of United, or "arising out of the use, occupancy or possession of premises of Vulcan" by United. The complaint alleged that United was liable over to Vulcan under the terms of the indemnity agreement. This court held that the defendant properly sought to join as an additional defendant the plaintiff's employer who had agreed to indemnify the defendant against loss on the cause of action pleaded by the plaintiff. This court relied on Pa.R.C.P. 2252(a)[2] and stated at 272 Pa.Super. 244, 245, 415 A.2d 94:

When Pa.R.C.P. 2252(a) is given a broad interpretation, it seems clear that defendant's cause of action against an indemnitor, although not the same cause of action alleged by the plaintiff, is related to it. Without the occurrence or transaction which brings about defendant's liability to plaintiff, there can be no obligation upon the additional defendant to indemnify defendant. Therefore, it can be said with assurance that defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which the plaintiff's cause of action is based.

The indemnity agreement in the *Szemanski* case and our own is similar. In our opinion the court below erred in

**2.** Pa.R.C.P. 2252(a) provides:

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

dismissing the complaint against Keystone Trucking Corporation as an additional defendant.[3]

Order reversed.

**3.** We do not reach the complex question of interpretation of the indemnity agreement. The earlier cases, as *Perry v. Payne and Company*, 217 Pa. 252, 66 A. 553 (1907) and *Pittsburgh Steel Company v. Patterson-Emerson-Comstock, Inc.*, 404 Pa. 53, 171 A.2d 185 (1961) hold that words of general import are not sufficient to impose liability on the indemnitor for the indemnitee's own negligence and that there must be unequivocal language in the indemnity clause to show that indemnification for the indemnitee's own negligence was intended. However, the recent case of *Urban Redevelopment Authority v. Noralco*, 281 Pa.Super. 466, 422 A.2d 563 (1980) indicates that surrounding circumstances may manifest the parties' intention to indemnify where liability is based on the indemnitee's own negligence, although not spelled out in the general indemnity provisions.