448 A.2d 624

Jacqueline H. STOKES and Robert Stokes, husband and wife

v.

LOYAL ORDER OF MOOSE LODGE # 696 a
corporation, Appellant,

v.

GENERAL ACCIDENT FIRE AND LIFE ASSURANCE
CORPORATION, LTD., a corporation and The James
W. Doncaster Agency, Inc., a corporation.

Superior Court of Pennsylvania.

Argued March 16, 1982.

Filed July 23, 1982.

Petition for Allowance of Appeal Granted Dec. 15, 1982.

John E. Quinn, Pittsburgh, for appellant.

Timothy D. Appelbe, Pittsburgh, for Gen. Acc., appellee.

Barris Siegel, Rochester, for Doncaster Agency, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

The original defendant in a personal injury action sought to join its insurance agent for failing to obtain or renew liability coverage and its insurance carrier for breach of its contract of insurance with the defendant. Finding that such attempted joinder contravened the language and purpose of Pennsylvania Rule of Civil Procedure 2252(a)[1], the trial court sustained preliminary objections of the proposed additional defendants and dismissed the Complaint to Join. Since we find this case to be controlled by our earlier decision in *Eads v. Smith*, 276 Pa.Super.Ct. 129, 419 A.2d 129 (1980), we reverse.

Suit had been instituted against the defendant to recover money damages due as a result of personal injuries sustained by the wife-plaintiff while a patron of the defendant's social club. Defendant thereafter filed a complaint naming General Accident Fire and Life Assurance Corporation, Ltd. (General Accident) and the James W. Doncaster Agency, Inc., (Doncaster) as additional defendants. Defendant alleged in the complaint that, in March, 1979, it had purchased a policy of liability insurance issued by General Accident through its agent, Doncaster. The Defendant further alleged that for two years of coverage, the policies had been in force even though premium invoices were received by the insured well after the effective date of coverage. As of the date of the plaintiff's loss, fifteen days into the third policy year, the defendant had not received any indication

1. **Rule 2252. Right to Join Additional Defendants**

(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

that the policy was not going to be renewed effective March 1, 1980. Defendant further alleged that it first learned that General Accident and Doncaster would not provide coverage or otherwise defend the defendant in the claim of the plaintiffs upon its receipt of a letter from Doncaster dated April 8, 1980.

In the first count of the complaint, defendant sought recovery from General Accident on the basis that the insurance carrier is liable over to it on the cause of action pleaded in plaintiff's complaint. In the second count of its complaint, defendant sought consequential damages from General Accident, including attorney's fees and other expenses related to the defense of the suit. In the third count, defendant sought recovery from Doncaster on the basis that the agency's failure to procure, renew and/or maintain liability insurance for the defendant breached its contract with defendant and thus, Doncaster is both liable over to it on the plaintiff's cause and also liable for consequential damages. In count four, the defendant sought relief, alternatively, in trespass, against Doncaster for the same losses alleged to be sustainable in count three.

As in *Eads v. Smith, supra,* the additional defendants filed preliminary objections in the nature of a motion to strike, alleging that the attempt to join the additional defendant constituted an improper joinder of causes of action pursuant to Pa.R.C.P. 2252(a). The lower court sustained the objections and dismissed defendant's complaint. This appeal followed.

Appellee General Accident concedes on this appeal that *Eads* is indistinguishable from the case now before the court. At oral argument, counsel for appellee urged this court to overrule our decision in *Eads.* This we are not prepared to do.

The lower court sought to avoid the clear holding in *Eads* by noting that our earlier opinion in *Szemanski v. Vulcan Materials Co.,* 272 Pa.Super.Ct. 240, 415 A.2d 92 (1979), involved an express indemnification matter and not one of a general liability insurance policy. It further noted that the

majority in *Eads* recognized that a severance pursuant to Pa.R.C.P. 213(b) might be utilized to promote convenience or avoid prejudice.

This does not escape the fact that joinder of an insurance agent as an additional defendant was expressly held to be permitted by Rule 2252(a) in our holding in *Eads v. Smith*, 276 Pa.Super.Ct. at 133, 419 A.2d at 131. No useful purpose would be served by our repeating here what was analyzed and resolved in that case. Accordingly, we find no difficulty in reversing the order of the lower court, and remanding for further proceedings consistent with this opinion.