## Alcorn v. E-Z Manufacturing Co., Inc.

*Daniel W. Rullo,* for plaintiff.
*Frank A. Orban, Jr., William Tighe, and Patrick Shannon,* for defendant.

SHAULIS, *J.,* August 3, 1983—This matter is before the court on preliminary objections in the nature of a motion to strike filed by the additional defendant, E-Z Manufacturing Company, Inc. (hereinafter E-Z), to its joinder.

### FACTS

The within matter has a rather complicated and confusing procedural history. This action was initially instituted by Orn Nedrow against his insurer, defendant, Pennsylvania National Mutual Casualty Insurance Company. The basis of the suit was an allegation of bad faith on the part of defendant in the settlement of the claims against Mr. Nedrow by one Edward Alcorn. Those claims had been filed in the United States District Court for the Western District of Pennsylvania at Nos. 75-628 and 75-1406. In those actions in the District Court, plaintiff, Mr.

Alcorn, alleged that he had sustained personal injuries for which Mr. Nedrow was responsible.

E-Z Manufacturing was joined as a third-party defendant by Mr. Nedrow in the action at No. 75-628 but not joined in the action of No. 75-1406. Eventually, these matters were tried and a verdict in the amount of $213,000 was entered against Mr. Nedrow only.

Thereafter, the within lawsuit was filed in the Court of Common Pleas of Somerset County naming Mr. Nedrow as a plaintiff and his insurer, Pennsylvania National Mutual Casualty Insurance Company, as a defendant. The thrust of this suit was that Mr. Nedrow had a policy of insurance covering this incident in the amount of $25,000, and since the verdict was $213,000, it was claimed that defendant, Pennsylvania National Mutual Casualty Insurance Company, acted in bad faith in not settling Mr. Alcorn's claim for the policy limits when it could have done so. Sometime later, Mr. Alcorn was substituted as plaintiff since he had taken an assignment of rights from Mr. Nedrow.

Pennsylvania National Mutual Casualty Insurance Company, after being sued, then joined as an additional defendant, Mercer, Mercer, Carlin & Scully (hereinafter Mercer), pursuant to Pa.R.C.P. 2252. The basis for this joinder was that the additional defendant law firm had been guilty of legal malpractice in the representation of Mr. Nedrow and the insurance carrier in the underlying district court actions. More specifically, it was claimed that the failure on the part of Mercer to join E-Z Manufacturing as a third-party defendant in the district court actions at No. 75-1406 constituted negligence causing Nedrow to be held solely liable in that action.

Mercer than joined E-Z Manufacturing as an additional defendant here alleging that if Mercer is liable, then E-Z Manufacturing is also liable. The basis of this alleged liability is that E-Z Manufacturing would have been liable to Mr. Alcorn in the district court action if E-Z Manufacturing is also liable. The basis of this alleged liability is that E-Z Manufacturing would have been liable to Mr. Alcorn in the district court action if E-Z Manufacturing had been joined.

## DISCUSSION

This action presents a question regarding the scope of Pa.R.C.P. 2252(a), which controls the joinder of an additional defendant in a lawsuit.

### Rule 2252. RIGHT TO JOIN ADDITIONAL DEFENDANTS

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

Briefly, this statute broadly defines the nexus between the joining and additional defendant, or the plaintiff and additional defendant, which permits said additional defendant to be joined. This statute was amended in 1969 to ease the joinder of parties and to avoid a multiplicity of inter-related suits. Generally, an additional defendant must either be liable to plaintiff in plaintiff's cause of action or be

liable with defendant due to the transaction or occurrences which broadly encompass the entire scope of the suit. A study of the perimeters of 2252(a) in light of the relationships of the parties indicates that E-Z is not sufficiently involved in this action to permit joinder.

Curiously, both E-Z and Mercer filed support and opposition briefs, respectively, citing the same line of cases. Szemanski v. Vulcan Materials, Company, 272 Pa.Super. 240, 415 A.2d 92 (1979); Eads v. Smith, 276 Pa.Super. 129, 419 A.2d 129 (1980) and Stokes v. Loyal Order of Moose Lodge, 302 Pa. Super. 256, 448 A.2d 624 (1982) were cited by both parties as establishing the controlling guidelines for joining an additional defendant under Rule No. 2252(a).

In Szemanski, an employee of United Industrial Maintenance, Inc. was injured while working on a crane owned by Vulcan Materials. He subsequently sued Vulcan but was barred from joining his employer due to Workman's Compensation restrictions. The contract between United and Vulcan, however, called for United to indemnify Vulcan. This express indemnity clause allowed the court to join United as additional defendants under Rule No. 2252(a), so as to avoid a multiplicity of lawsuits.

Eads expanded the notion of the joinder of the express indemnitor to include the joinder of a party who may have a contract to be an express indemnitor. Defendant Smith claimed that his insurance company was liable to indemnify or defend him. There was an issue as to the contract status between defendant and the insurance company. Despite Judge Hester's dissent, stating that the actions were not related, the court found that an insurance company who denies its express liability may still be

joined as an additional defendant to adjudicate the liability status along with the main suit.

In Stokes, the original defendant was able to join not only its insurance agent for failure to obtain or renew liability coverage, but also its insurance carrier for breach of contract of insurance with defendant.

This writer recently interpreted Pa.R.C.P. 2252(a) in Dwyer v. Brandl & Bell Telephone, 182 Civil 1982, opinion of May 24, 1983. Citing the aforementioned Szemanski, Eads, and Stokes, among others, the court ordered an insurance company joined as an additional defendant.*

These cases are not controlling as precedent for our situation here. They only explore the relationship of the additional defendants in light of the other defendants. The additional defendant has allegedly provided insurance coverage or express indemnity for the joining defendant in the event of an occurrence such as plaintiff's cause of action. This is obviously not the situation between Mercer and E-Z. There is no direct connection between the parties. Any possible link between them is through plaintiff and E-Z is not directly connected with the malpractice action.

Mercer also cited Kenco Auto. Inc. v. Bracken Agency, Inc., 64 D.&C. 2d 412 1974 as precedent. There plaintiff sued original defendant insurance company for losses in a fire due to the lapse of plaintiff's insurance policy. The original defendant joined the alleged tortfeasor.

"[P]laintiff allegedly has suffered loss by reason of a fire, and that loss, if any, has been caused by the

---

* Editor's Note: Stokes was reversed in 502 Pa. 460, 466 A.2d 1341 (1983); the final opinion in Dwyer is reported post page.

actions of the defendant or the additional defendant or perhaps both. Plaintiff elected to bring suit on one cause in assumpsit against one defendant. However this should not operate to preclude the addition of another defendant on another cause in trespass, so that there may be a determination of the real or alternate cause of action as between both defendants in one trial. The core purpose of this third-party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties who might be responsible or liable. To accomplish this purpose, the rules should be given broad interpretation and construction." Supra. at 414.

Mercer apparently views this case as indicating that Rule 2252(a) allows the joinder of all parties who may be responsible to plaintiff. This fails to grasp the true relationship between this particular case and Rule 2252(a).

As noted, plaintiff could have chosen to sue the proposed additional defendant directly and to ignore Bracken. Unlike Szemanski et al, there was no possibility of indemnity between defendants. But plaintiff and the additional defendant, the alleged tortfeasor, are connected through the "same transactions or occurrences" test of Rule 2252(a).

This is again distinguishable from the case at hand. Plaintiff could not possibly sue E-Z for malpractice. Although E-Z is somewhat linked with the "transactions or occurrences" involved, its connections are rather remote.

The Pennsylvania Superior Court has already decided a number of cases dealing with the Rule 2252(a) joinder of additional defendants in a malpractice case. Schladensky v. Ellis, 442 Pa. 471, 275 A.2d 663 (1973) is a case decided prior to the enactment of the 1969 revisions of Rule 2252(a). It is pre-

cursor of the law in this situation. Plaintiff sued his attorney, who allowed the statute of limitations to run on a personal injury claim. Defendant attempted to join the alleged tortfeasor. The court refused the joinder, noting that there was no relationship between defendants and that the wrongful acts of the additional defendant are not related to the malpractice suit.

"Herein the actions of the plaintiffs against Ellis are based on his failure to exercise reasonable care and diligence in the use of his skill as an attorney, and in the application of his knowledge to his clients' cause. Ellis does not assert that the additional defendants were responsible for his failures in this regard, or that they in any way hindered or impeded his timely prosecution of the plaintiffs' case against Lift-O-Loft or Mobile. The negligent conduct asserted by Ellis against the additional defendants cannot be equated with that which the plaintiffs assert against him. Supra. at 475.

Schladensky is not directly controlling as a precedent, although it is quoted extensively in later cases. In American Metal Fabricators v. Goldman, 227 Pa. Super. 284, 323 A.2d 891 (1974), the Superior Court utilized the rationale from Schladensky in denying a joinder in a malpractice action. Defendant attorney was accused of negligence during his handling of negotiations for the purchaser of land. Plaintiff acquired land with a cloud on its title. Defendants then attempted to join the original landowners as additional defendants, claiming that their negligence in violating the ordinance caused harm to plaintiff. The court disagreed, saying that Schladensky is "virtually indistinguishable from the case at bar and precludes our construing Rule 2252(a) as permitting joinder of the additional defendants herein." Supra. at 288, 289.

A later Superior Court case, Upper Makefield Township v. Benjamin Franklin Federal, 217 Pa. Super. 399, 413 A.2d 726 (1979) utilized both Schladensky and American Metal and laid out the criteria which control this action. Plaintiff township sued defendant, Benjamin Franklin Federal, for breach of an escrow agreement. Defendant was to pay funds from the escrow account to Mt. Eyre upon the satisfactory completion of road work. The work was unsatisfactory and the escrow agreement breached. Mt. Eyre was joined as the additional defendant who received the payments. They, in turn, attempted to join as additional defendants the contractor and others who were responsible for the quality of the work.

"The right of joinder is not without limit. Where it is contended that an additional defendant is solely liable to the plaintiff, or jointly liable with the defendant, such liability must be 'on the cause of action declared upon by the plaintiff.' While 'cause of action' is to be broadly construed, joinder is not proper where the sole or joint liability averred is foreign to the liability alleged in plaintiff's complaint."

"A defendant or additional defendant may also join an additional defendant against whom he or she has a cause of action which, though separate from the cause of action upon which plaintiff has sued, arises 'out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.' " Supra. at 728.

Using this, the court refused the joinder of the additional defendant contractors. The cause of action cited by Mt. Eyre was for negligence, while plaintiff was suing for breach of contract. Any relationship was held "entirely too remote and tenuous" to allow joinder.

This accurately describes the case at bar. There is no relationship between the additional defendant E-Z and additional defendant Mercer. Plaintiff's cause of action for malpractice, when juxtaposed with the cause of action for negligence, again brings about a relationship which is entirely too remote and tenuous to allow joinder.

Preliminary objections in the form of a motion to strike the complaint against E-Z are sustained.

## ORDER

Now, this August 3, 1983, additional defendant E-Z Manufacturing Co., Inc.'s preliminary objections are sustained. E-Z Manufacturing Co., Inc. is dismissed as an additional defendant in this action.