482 A.2d 557

BROWN BOVERI BUILDING AUTOMATION INC., A Corporation, and BBC Brown Boveri Company, Inc., A Corporation

v.

MIDLAND–ROSS CORPORATION, A Corporation, Urban National Corporation, A Corporation, Romesh T. Wadhwani, An Individual, and Price Waterhouse & Co., A Partnership

v.

BBC BROWN, BOVERI & COMPANY, LIMITED, A Corporation, and Brown Boveri Compu-Guard Corporation, A Corporation.

Appeal of Romesh T. WADHWANI.

Superior Court of Pennsylvania.

Argued July 10, 1984.

Filed Aug. 24, 1984.

Reargument Denied Nov. 5, 1984.

262

Kevin P. Lucas, Pittsburgh, for appellant.

Patricia Dodge, Pittsburgh, for appellees.

Before ROWLEY, HESTER and ROBERTS, JJ.

HESTER, Judge:

On April 8, 1980, plaintiff below, Brown Boveri Building Automation, Inc., (hereinafter BBBA), purchased all of the stock of appellee, Brown Boveri Compu-guard Corporation. Appellant, Romesh T. Wadhwani, was then President of appellee corporation and a member of its Board of Directors.

The acquisition of appellee by BBBA was accomplished pursuant to a written Acquisition Agreement, which was executed on April 8, 1980. On the same date, appellee agreed to retain appellant for a five-year period ending March 31, 1985. Appellant was, in fact, employed until June 19, 1981, at which time his employment was terminated allegedly for reasons other than "cause or disability."

The original complaint in this action contained five causes of action instituted by BBBA against appellant. The first two counts were in assumpsit for breach of written warranties and the remaining three counts were in trespass for alleged misrepresentation and fraud.

Appellant then instituted a third party complaint against appellee. The first count alleged appellee was the sole or contributing cause of the losses alleged in BBBA's original complaint. The second count alleged that the termination of his position on June 19, 1981 was in breach of his employment contract in that no severance pay was given and that he was not reimbursed for expenses.

Appellee then filed preliminary objections in the nature of a motion to strike the second count on the grounds that the termination of appellant's employment was not sufficiently related to the transactions and occurrences upon which the causes of action in the original complaint were based. Thus, there should be no joinder.

The trial court, upon consideration of the briefs of the parties and oral argument, sustained the preliminary objections of appellee and struck the second count of appellant's claims. It is from this order that appellant perfected his appeal.

Appellant contends that his second count, joining appellee, raised issues identical and inextricably related to the matters raised in BBBA's original complaint. Thus, such count should not have been struck under the liberal joinder standards of Pa.R.C.P. 2252(a) on the grounds that the claim did not constitute an indemnity type claim. We disagree.

First, the lower court did not hold that joinder was limited to indemnity claims, as appellant asserts. We accordingly remove that from our consideration.

The crux of appellant's claim is that the employment contract was entered into in conjunction with the negotiation and execution of the acquisition agreement of the same date. Appellant argues that we have permitted the joinder of a third party defendant in situations where the joined claims involved facts and issues which were different from those involved in the original complaint but nevertheless arose out of the same transaction. Appellant cites as his authority *Eads v. Smith*, 276 Pa.Super. 129, 419 A.2d 129 (1980) (Dissenting Opinion by Hester, J.), and *Stokes v. Loyal Order of Moose Lodge # 696*, 302 Pa.Super. 256, 448 A.2d 624 (1982).

In *Stokes*, the plaintiff was injured when a folding chair on which she was sitting collapsed. Plaintiff filed a complaint in trespass against defendant, who then filed a third party complaint to join its insurance carrier. The basis for the third party action was that allegedly the insurance carrier breached its agreement to defend and indemnify.

The majority of this Court held, based on our rationale in *Eads* and *Szemanski v. Vulcan Materials Co.*, 272 Pa.Super. 240, 415 A.2d 92 (1979), that the insurance carrier could be joined because they would not have been obligated to defend or indemnify unless the plaintiff had sued defendant for injuries. Thus, even though the factual and legal questions were different, they arose out of the same transaction.

Appellant relies on these cases for authority and correctly interprets them, however, they are no longer the law. The *Stokes* case was subsequently appealed to our Supreme Court and was reversed. *See Stokes v. Loyal Order of Moose Lodge # 696*, 502 Pa. 460, 466 A.2d 1341 (1983). Our Supreme Court in *Stokes* held that complaints should not be joined in one action unless the third party complaint and the original complaint "involve a common factual background or common factual or legal questions." *Id.*, 502 Pa. at 467, 466 A.2d at 1345.

This being the case, there is little merit to appellant's claim. The original complaint instituted by BBBA against appellant stemmed from his alleged breach of warranties and misrepresentations under the acquisition agreement. Appellant's third party complaint, however, arose out of an employment contract with appellee. The factual backgrounds are entirely dissimilar. Also, breach of warranty, fraud, and misrepresentations involve different legal questions than whether appellant was entitled to severance pay and expenses under his employment contract.

Based on the foregoing, we conclude that the complaint did not arise out of the same transaction in that the factual and legal questions were not the same. Therefore, joinder was not permissible under Pa.R.C.P. 2252(a). Accordingly, we affirm.

Order affirmed.