486 A.2d 489

James S. RANKIN

v.

The SHERWIN–WILLIAMS COMPANY, a
Corporation, Appellant,

v.

BLANCHARD ENTERPRISES, INC., A Corporation.

Superior Court of Pennsylvania.

Argued Aug. 30, 1984.

Filed Dec. 31, 1984.

Louis C. Long, Pittsburgh, for appellant.

Kim R. Bobrowsky, Pittsburgh, for Blanchard, appellee.

Before ROWLEY, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Sherwin-Williams Company brings this appeal from the order granting summary judgment in favor of additional defendant Blanchard Enterprises, Inc., and dismissing Blanchard from this action. Sherwin-Williams now argues, *inter alia*, that the court erred in that the record raises a genuine issue of material fact and Blanchard was therefore not entitled to judgment as a matter of law upon the assumpsit count. We agree and reverse.

On April 7, 1980, Blanchard rented an airless paint sprayer from Sherwin-Williams. The lease agreement which Blanchard's agent signed, contained this language:

I/We hereby exonerate, indemnify and save harmless the Sherwin-Williams Company, the rentor, from any and all claims or liabilities of any nature whatsoever arising out of the rental and use of the above listed equipment.

Sherwin-Williams was aware at the time of the rental that the paint sprayer, which was capable of penetrating the skin with its spray, did not have a safety guard on the tip as required by OSHA. When the manager of the Sherwin-Williams store began to give instructions on the use of the sprayer, Blanchard's agent stopped him and said that an experienced painter would be using the sprayer. In fact, James S. Rankin, Blanchard's employee, had never used an airless paint sprayer. Subsequently, when Rankin was cleaning the sprayer with turpentine, his hand went into the spray and the turpentine penetrated the left index finger. Ultimately, doctors had to amputate Rankin's finger.

Rankin filed a complaint against Sherwin-Williams, averring counts of negligence, strict liability, and breach of warranty. In addition to an answer and new matter, Sherwin-Williams filed a complaint to join Blanchard as an additional defendant, averring counts of negligence and assumpsit. In this joinder action it was asserted that Blanchard was negligent in instructing and supervising Rankin. The assumpsit count was based on the indemnification clause in the lease agreement. Blanchard moved for

summary judgment, and the court granted this motion as to both counts. From this order, Sherwin-Williams appeals.

■ As to summary judgment on the negligence count, we find no error in the court's ruling. This same issue was before our court in *Szemanski v. Vulcan Materials Company*, 272 Pa.Super. 240, 415 A.2d 92 (1979). There we ruled:

> The attempted joinder of [the employer] as an additional defendant on the grounds that [the employer] was liable for negligence, either alone or jointly with [the third party] was improper. The joinder of the employer as an additional defendant in an action brought by an employee against a third party is barred by Section 303(b) of The Pennsylvania Workmen's Compensation Act, as amended by the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. 481(b). See: *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977). See also: *Potts v. Dow Chemical Company*, 272 Pa.Super. 323, 415 A.2d 1220 (1979).

*Id.* 272 Pa.Super. at 243, 415 A.2d at 93 (footnote omitted).

■ However, we reach a different result regarding the count in assumpsit. Quoting again from our decision in *Szemanski*, we noted:

> However, Section 303(b) of The Pennsylvania Workmen's Compensation Act does not bar an action by the third party against the employer if "liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

*Id.* 272 Pa.Super. at 243, 415 A.2d at 93–94.

We went on in *Szemanski* to hold that Pa.R.C.P. 2252(a), which covers joinder of additional defendants, was broad enough to permit joinder of express indemnitors. *See also Nechwedowich v. Great Atlantic and Pacific Tea Company, Inc.*, 300 Pa.Super. 152, 446 A.2d 275 (1982). The case

now at bar is procedurally on all fours with *Szemanski* and *Nechwedowich.*

We note that appellee contends that the language of the leasing agreement does not entitle Sherwin-Williams to indemnification for either its own negligence or for products liability. The language of the indemnification clause now at issue is of the more general type, like that in *Szemanski* ("all losses and all claims, demands, payments, suits, actions, recoveries and judgments ... arising out of any act or omission"), or in *Nechwedowich* ("to indemnify and hold harmless ... against all loss, cost, damage or liability of any kind or nature arising or growing out of or occurring in the performance of this contract").

In this respect, the instant case is factually distinguishable from *Potts v. Dow Chemical Co.*, 272 Pa.Super. 323, 415 A.2d 1220 (1979). In *Potts*, a number of employees of United States Steel Corporation sued Dow Chemical Company in trespass for injuries sustained when Dow was cleaning the water system at U.S. Steel's plant. In turn, Dow filed complaints joining U.S. Steel as an additional defendant, on the grounds that U.S. Steel was liable over to Dow under the terms of the contract between these corporate parties. The contract provisions upon which Dow relied read as follows:

> "5. The liability of [Dow] for injury to persons or damage to property, including ... injury to third parties or employees of [U.S. Steel] ... shall be limited to that directly resulting from the sole negligence of [Dow] in the performance of this contract.
>
> 6. [Dow] shall not be liable for any special incidental, indirect, punitive or consequential damage, including, but not limited to, loss of use or loss of profit, for breach of contract, negligence or any other cause of action."

Based on the above, U.S. Steel filed preliminary objections in the nature of a demurrer, which the trial court sustained. On appeal, we affirmed the trial court's ruling; we held:

> The language relied on by Dow does not impose upon U.S. Steel an obligation to indemnify Dow against liability

resulting from Dow's negligence. On the contrary, the terms of the agreement clearly impose upon Dow the responsibility for injury negligently inflicted upon employees of U.S. Steel during the course of Dow's work. *Id.* 272 Pa.Super. at 326, 415 A.2d at 1221–1222.

By contrast, the indemnification clause in the instant case does not, on the face of it, contain such limiting language as would support a summary judgment on the assumpsit count. This is a matter of interpretation of the agreement to be resolved by the factfinder. *See generally Nechwedowich,* 300 Pa.Super. at 156 n. 3, 446 A.2d at 277 n. 3.

Accordingly, summary judgment on the count of negligence is affirmed. Summary judgment on the count of assumpsit is reversed and the case is remanded for further proceedings. This court does not retain jurisdiction.