515 A.2d 939

**Dominick DiLAURO**

v.

**ONE BALA AVENUE ASSOCIATES and Bala Realty Associates, Inc., Appellants.**

Superior Court of Pennsylvania.

Argued March 12, 1986.

Filed Sept. 29, 1986.

Lawrence S. Sarowitz, Philadelphia, for appellants.

Alan B. Epstein, Philadelphia, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from an order of the trial court which denied the motion of appellants-defendants, One Bala Avenue Associates and Bala Realty Advisors, Inc., the owner and manager of a commercial building, respectively, to join an additional defendant, nunc pro tunc. We must reverse and remand for proceedings consistent with this opinion.

The record reveals the following set of facts which were summarized by the trial court:

On February 16, 1982, appellee-plaintiff, Dominick DiLauro, attempted to enter the premises of his employer, Technical Aid Corporation (T.A.C.), located at One Bala Avenue, Bala Cynwyd, Pennsylvania. Appellee lost his footing while descending the stairs leading to his employer's offices, fell down the stairs and sustained "serious and totally disabling injuries."

On January 17, 1984, appellee filed a complaint in trespass and assumpsit against appellants. Appellee alleged that his injuries were the "direct result of the negligence of the [appellants-d]efendants in failing to design and maintain proper ingress and egress to the building and more specifically failing to provide properly placed handrails for use while descending the stairs."

Ten months later, appellants filed a motion to join the employer, Technical Aid Corporation, as an additional defendant pursuant to Pa.R.C.P. 2252. Technical Aid was the lessee of the premises and appellants asserted that the lease contract contained an indemnity clause which relieved them from all liability for "injury or damage to any person or property in or about the demised premises."

Appellants claimed that the indemnity clause constituted a proper case for joinder. Appellee stated that he would not be prejudiced by the late joinder.

After oral argument was held, the trial court dismissed appellants' joinder motion. This appeal followed.

Appellants argue that the trial court erred in denying their motion to join Technical Aid Corporation nunc pro tunc because there existed a valid indemnification agreement which predated the appellee's accident.[1]

The following guidelines must be applied in determining the merits of appellants' argument:

Pa.R.Civ.P. 2253 requires that leave of court be sought, upon cause shown, to secure joinder of an additional defendant after the expiration of the sixty-day period. *See Zakian v. Liljestrand*, 438 Pa. 249, 255, 264 A.2d 638, 641 (1970). "Whether there is 'cause shown' for the allowance of an extension of time for the joinder of an additional defendant is a matter within the discretion of the lower court, and its decision will not be reversed absent an abuse of discretion." *Kovalesky v. Esther Williams Swimming Pools*, 345 Pa.Super. 95, 104, 497 A.2d 661, 665 (1985). *Accord Zakian v. Liljestrand, supra*, 438 Pa. at 255, 264 A.2d at 641; *Farmer v. General Refractories Co.*, 271 Pa.Super. 349, 351, 413 A.2d 701, 702 (1979); *Welch Foods Inc. v. Bishopric Products Co.*, 254 Pa.Super. 256, 258, 385 A.2d 1007, 1008 (1978).

**1.** The order which denied appellants' petition to join an additional defendant is a final order, which is appealable. *Commercial Banking v. Culp*, 297 Pa.Super. 344, 443 A.2d 1154 (1982).

*DeAngelis v. Newman,* 350 Pa.Super. 536, 538, 504 A.2d 1279, 1280 (1986).

We also recognize that:

The defendant's petition seeking an extension of time to join an additional defendant must contain:

(1) some reasonable justification or excuse for the delay; (2) a statement of the facts alleged to render the proposed additional defendant alone liable, or liable with, or liable over to defendant, or liable to the defendant on a proper cross claim; *and* (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant. It should ask for leave to file both the praecipe and the complaint called for by Rule 2252(b).

Goodrich-Amram 2d § 2253:3.1 at 108 (1977) (footnotes omitted) (emphasis added); *see also Farmer v. General Refractories Co.,* 271 Pa.Superior Ct. 349, 352, 413 A.2d 701, 702 (1979).

\*     \*     \*     \*     \*     \*

Additionally, "the burden of demonstrating sufficient cause to allow the unseasonable joinder rest[s] with defendant." *Welch Foods, Inc. v. Bishopric Products Co., supra* 254 Pa.Super. at 258–59, 385 A.2d at 1008; *accord Coopers & Lybrand v. Penn State Mutual Insurance Co.,* 32 Pa.Commonwealth Ct. 435, 438, 379 A.2d 901, 903 (1977). In determining what is sufficient cause for an extension of time for joinder of an additional defendant, courts

should be guided by the objectives sought to be achieved by use of the additional defendant procedure in conjunction with the purpose for which a 60–day limitation was placed on its unrestricted use. In a capsule, these rules were an attempt to provide a means to simplify and expedite the disposition of matters involving numerous parties ... without subjecting the original plaintiff to unreasonable delay in the prosecution of his portion of the litigation.

*Zakian v. Liljestrand, supra* 438 Pa. at 256, 264 A.2d at 641. (citation omitted). *See also Coppage v. Smith, supra* 381 Pa. at 405, 113 A.2d at 250 (procedural rules should "be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable"); *Ianni v. Pantalone,* 238 Pa.Superior Ct. 548, 553, 361 A.2d 772, 774 (1976) (procedural rules governing third party procedure should "be construed to accomplish the purpose of '[avoiding] multiplicity of suits by adjudicating in one suit the rights and liabilities of all of the parties to a single transaction which constitutes the cause of action' ...."); *Martinelli v. Mulloy,* 223 Pa.Superior Ct. 130, 135, 299 A.2d 19, 21 (1972) (Rule 2252(a) should be broadly interpreted "not only to compel every interested person to defend the action by the plaintiff, but also to save the original defendant from possible harm resulting from loss of evidence as might result if compelled to await the end of the suit before proceeding against those from whom he seeks contribution").

*Kovalesky v. Esther Williams Swimming Pools,* 345 Pa. Super. 95, 103–05, 497 A.2d 661, 665–666 (1985).

According to appellants, their petition was not filed earlier because "[t]he delay in filing the instant petition has resulted from a misunderstanding concerning the transfer of this matter from Philadelphia to Montgomery County." Motion at Allegation # 13. Appellee admitted this allegation in its answer; however, appellee denied that joinder was necessary.

The trial court held that the appellants' petition to join should not be granted citing our Supreme Court's decision in *Stokes v. Loyal Order of Moose Lodge,* 502 Pa. 460, 466 A.2d 1341 (1983). We disagree with the trial court's interpretation of *Stokes.*

At the outset, we note that appellants' petition satisfied the three prong test because the petition contained: (1) a reasonable justification for the delay, i.e., a misunderstanding concerning the transfer of this matter from Philadelphia

to Montgomery County; (2) a statement of the facts alleged to render the proposed additional defendant liable over to the defendant, i.e., an indemnification clause which would entitle appellants to indemnification from Technical Aid should any liability by the plaintiff be established at the time of trial; and (3) allegations that the late joinder will not be prejudicial to the proposed additional defendant, i.e., "said additional defendant will not be prejudiced since the within matter is in the preliminary discovery stages and said additional defendant would have a full opportunity to participate in the various avenues of discovery permitted under the Pennsylvania Rules of Civil Procedure." Motion of Appellants-Defendants to Join T.A.C., Allegation at No. 12.

In Pennsylvania, an injured employee or other third party cannot seek contribution or indemnity from the injured employee's employer in the absence of an express contractual undertaking. *Gerard v. Penn Valley Constructors, Inc.,* 343 Pa.Super. 425, 430, 495 A.2d 210, 212 (1985). Section 481(b) of the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, No. 338, as amended, by the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 1 et seq.

Section 481(b) states:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b).

The instant contractual undertaking provides for the following:

\* \* \* \* \* \*

8 Lessor shall not be held responsible for and is hereby expressly relieved from any and all liability by reason of any injury, loss or damage to any person or property in or about the demised premises whether the same be due to fire, breakage, leakage, use, misuse or abuse of elevators, hatches, openings, defective construction, failure of water supply, light or power, electric wiring, plumbing, machinery, wind, lightning, storm, or any other cause whatsoever, which liability is expressly assumed by Lessee whether the loss, injury or damage be to the person or property of the Lessee or any other person.

\* \* \* \* \* \*

"AGREEMENT".

Our Supreme Court's decision in *Stokes* is the leading case in this area. In *Stokes*, the plaintiffs, Jacqueline and Robert Stokes filed a complaint in trespass against the defendant-appellee, the Loyal Order of Moose # 696. The cause of action arose when Jacqueline Stokes was injured after a folding chair collapsed at appellee's premises.

The appellee filed a third party complaint to join an insurance agency, appellant, the General Accident Fire and Life Assurance, Ltd. and the James W. Doncaster Agency, Inc. According to appellee, the insurance agency

breached an insurance policy by refusing either to defend appellee in the action by plaintiffs or to agree to indemnify appellee for any liability; that General Accident is liable for the negligence of its agent, Doncaster, in failing to obtain or renew an insurance policy; and that General Accident is estopped by denying coverage because of Doncaster's conduct.

*Id.* 502 Pa. at 462, 466 A.2d at 1342.

Our Supreme Court held that the trial court acted properly in disallowing the joinder of an additional defendant

based upon a denial of insurance coverage. Our Supreme Court also said the following:

> The complaint against appellee was based on wife plaintiff's fall on appellee's premises. The complaint to join appellant was based on appellant's alleged obligation to insure and defend appellee. We find that this was a distinct transaction and that the complaints did not arise out of the same transaction or occurrence. We are persuaded by the reasoning in *Hottner* that such complaints should not be joined because they do not involve a common factual background or common factual or legal questions. The evidence that would establish appellant's obligation to insure is distinct from the evidence that would establish appellee's liability.

*Id.*, 502 at 467, 466 A.2d at 1345.

The case of *Hottner v. Boeltz*, No. 9405 of 1978 (C.P. Allegheny, filed April, 1979), which was relied upon by our Supreme Court also provides some insight into the instant appeal.

In *Hottner*, the plaintiff, Armand Hottner, filed an action in trespass against the defendant, Deborah Boeltz, for the injuries sustained in an automobile accident. The defendant attempted to join as an additional defendant, Allstate Insurance Company because Allstate refused to indemnify or present a defense.

The issue before the Allegheny Court of Common Pleas in *Hottner* revolved around the effect of the 1969 amendments to Pa.R.C.P. 2252. Prior to 1969, Rule 2252 provided:

> In any action the defendant or any additional defendant may file as of course a praecipe for a writ or a complaint to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him.

However, in 1969, the rule was amended to read:

> In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant

any person whether or not a party to the action who may be liable or liable over to him on the cause of action declared upon the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

In *Hottner* the trial court said:

The case law is split on the question of whether the 1969 amendments alter prior case law barring joinder of any person whose liability over to the defendant rests upon an express contract of insurance or indemnity. Compare *Szemanski v. Vulcan Materials Company,* 126 P.L.J. 167 (1978); *Fitzgerald v. Rottner,* 56 D. & C. 2d 750 (Dauphin, 1972); *F.A. Cray v. Engineered Building Systems Co.,* 6 Butler 48 (1976) with *Nagle v. Split Rock Lodge, Inc.,* 52 D. & C. 2d 497 (Carbon, 1971); *Caldearo v. County of Delaware,* 50 D. & C. 2d 147 (Del.1970); *Lang v. Beishline,* 56 D. & C. 2d 633 (Bucks, 1972).

In the case of *Graybar Electric Company, Inc. v. Bruns Electric, Inc.,* 5 D. & C. 3d 429 (1978), this member of the Court considered this issue and ruled that the 1969 amendments altered the case law which completely barred joinder.* We have based our ruling on appellate court case law which has given a broad interpretation to the 1969 amendments to Rule 2252(a).

"The very purpose of Rule 2252 was to permit the bringing together in a single law suit causes of action 'arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.' " *Free v. Lebowitz,* 463 Pa. 387, 392, 344 A.2d 886, 887 (1975). Rule 2252(a) permits joinder where the party to be joined "may be liable to the joining party separately on an independent cause of action which arose out of the same transaction(s) or occurrence(s) as the plaintiff's original cause of action." *Extrudo Film Corp. v. Beck Electric Construction, Inc.,* 220 Pa.Super.

164, 167, 286 A.2d 687, 689 (1971). "Rule 2252(a) governing the joinder of additional defendants should be given a 'broad interpretation' " (*Martinelli v. Mulloy*, 223 Pa.Super. 130, 135, 299 A.2d 19, 21 (1972)) and the requirement for joinder that the original defendant's cause of action arises out of the transaction or occurrences upon which the plaintiff's cause of action is based should be construed to permit joinder "so long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant" (*Incollingo v. Ewing*, 444 Pa. 263, 290, 282 A.2d 206, 221 (1971)) in order to "avoid multiplicity of suits by providing for the adjudication of all the rights and liabilities of those present and concerned in a single suit" (*Ragan v. Steen*, 229 Pa.Super. 515, 525, 331 A.2d 724, 730 (1974)).

Because we reject Allstate's contention that Rule 2252(a) absolutely bars the joinder of an express indemnitor or insurer, we must consider whether in this case defendant's claim against Allstate arises out of "the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based" within the meaning of Rule 2252(a).

There is considerable merit to defendant's contention that her claim against Allstate arises out of the series of transactions or occurrences upon which the plaintiff's cause of action is based. Plaintiff's claim against defendant and defendant's claim against Allstate each arise out of the automobile accident in that neither claim would arise but for this occurrence. Thus by permitting joinder we in the one lawsuit adjudicate all rights and liability arising out of this automobile accident. Moreover, the established Pennsylvania policy prohibiting disclosure that a defendant is insured (see *8 Goodrich-Amram 2d* § 2252(a):7.1) should no longer apply to claims arising out of motor vehicle accidents because of the Pennsylvania No-fault Motor Vehicle legislation which requires insurance.

However, in the present case, the claims of plaintiff against defendant and defendant against Allstate do not arise out of a similar factual background and do not involve common issues of fact and law. The issues in the plaintiff/defendant claim are whether defendant's negligence caused the accident and if so, what are the damages which plaintiff sustained. The issues in the defendant/Allstate claim, on the other hand, are whether Allstate had agreed to provide insurance coverage and if so, whether defendant-through action or inaction-has forfeited her right to coverage.

Joinder is permitted only so long as the additional defendant's alleged liability is related to the claim which the plaintiff asserts against the original defendant. In the present case the transaction or occurrence which is the basis of plaintiff's claim against defendant is a traffic accident while the transaction or occurrence which is the basis of defendant's claim against Allstate is an alleged purchase of an automobile liability insurance policy. The only relationship between the claims is that neither would have arisen but for the automobile accident. This relationship is insufficient to permit joinder. Compare *Schladensky v. Ellis*, 442 Pa. 471, 275 A.2d 663 (1971) and *Katz v. Schuster and Bentz*, 58 Erie County Legal Journal 172 (1975) with *Incollingo v. Ewing, supra; Harker v. Farmers Trust Company*, 248 Pa.Super. 427, 375 A.2d 171 (1977); *Galdo v. First Pennsylvania Bank*, 250 Pa.Super. 385, 378 A.2d 990 (1977); *Extrudo Film Corp. v. Beck Electric Construction, Inc., supra.*

---

* In this case the plaintiff furnished electrical supplies to Bruns Electric Inc.; payments were guaranteed under a March 23, 1976 surety bond. However, the surety company had agreed to serve as surety for Bruns only after two individuals had executed a March 22, 1976 agreement to indemnify or hold harmless the surety company. The plaintiff sued Bruns and the surety company for payments due for supplies which the plaintiff had furnished. The surety company joined the two individuals who had executed the March 22, 1976 agreement and the plaintiff sought to dismiss this complaint on the ground that the claim did not arise out of the transaction upon which the plaintiff's cause of action was based. Because the plaintiff had not furnished supplies until payment was guaranteed by the surety company and because the surety company had guaranteed payment

only after the two individuals had executed the March 22, 1976 agreement, we ruled that the plaintiff's claim against the surety company and the surety company's claim against the two individuals arose out of the same series of transactions and permitted joinder.

Slip Opinion at 2–6.

In the instant case, the joinder of the appellants should have been permitted. The original claim which was initiated by appellee was based upon the injuries he received while descending the stairs which led to the offices of his employer, Technical Aid Corporation. The alleged liability of Technical Aid Corporation was based upon the existence of an indemnification clause in the lease agreement which was executed between the employer and the appellants, the landlord of the commercial building in which the fall occurred.

Because the employer in this instance "may be liable over to" the owner and manager of the building "on the cause of action declared upon by the plaintiff [2], joinder should have been permitted.

We have said that "[c]orrectly defining what is meant by 'the plaintiff's cause of action' is essential to [a] proper application of the rule." *Derry Township School District v. Day & Zimmerman*, 345 Pa.Super. 487, 492, 498 A.2d 928, 931 (1985). We also have said that "[c]ase law has defined 'the plaintiff's cause of action' to mean 'damages or injuries,' for which the plaintiff seeks recovery." *Id.*

In this case, the plaintiff's injuries were allegedly sustained when he fell down the steps while working for Technical Aid Corporation in a building which was owned and managed by appellants. Although the indemnification clause which forms the basis for appellants attempt to join T.A.C. as an additional defendant was sounded in assumpsit, it is not the theory of recovery which is the controlling factor. *Id.* (where the trial court erred when it "equated 'the plaintiff's cause of action' with its theory of recovery.")

Rather, the third party complaint against T.A.C. also is predicated on the same "disputed set of circumstances as

2.  Pa.R.C.P. 2252.

those underlying the plaintiff's claim of relief" i.e., the events which occurred when appellee fell down the steps of the premises at One Bala Avenue on or about February 16, 1982. *Nechwedowich v. Great Atlantic and Pacific Tea,* 300 Pa.Super. 152, 446 A.2d 275 (1982). Compare *Stokes v. Loyal Order of Moose Lodge,* 502 Pa. at 467, 466 A.2d at 1345 (joinder of an additional defendant as an insurer not permitted because "[t]he evidence that would establish appellant's obligation to insure is *distinct* from the evidence that would establish appellee's liability.") (Emphasis added).

The case of *Brown Boveri Building Automation, Inc. v. Midland Ross Corporation,* 333 Pa.Super. 261, 482 A.2d 557 (1984) does not compel a contrary result. In *Brown,* the plaintiff-appellee, Brown Boveri Building Automation, Inc. (BBBA) instituted an action against appellant-defendant, Ramesh T. Wadhani, who was then President and a member of the Board of Directors of the acquired corporation-appellee, Brown Boveri Compu-gard Corporation (hereinafter referred to as Compu-gard) alleging breach of warranty, misrepresentation and fraud.

Appellant then filed a third party complaint against Compu-gard alleging that Compu-gard was responsible for the losses sustained by BBBA. Appellant also alleged in a second count that his employment was terminated in breach of his employment contract with appellee.

Compu-gard had been acquired by BBBA pursuant to a written agreement. On the same date, Compu-gard agreed to retain appellant for a five year period. However, appellant's employment was terminated for reasons other than "cause or disability" four years before the expiration date.

In dictum, this Court cited certain cases, *Stokes v. Loyal Order of Moose Lodge # 696,* 302 Pa.Super. 256, 448 A.2d 624 (1982), reversed by *Stokes v. Loyal Order of Moose Lodge # 696, supra, Szemanski v. Vulcan Materials Co.,* 272 Pa.Super. 240, 415 A.2d 92 (1979) and *Eads v. Smith,* 276 Pa.Super. 129, 419 A.2d 129 (1980). We also said that "[a]ppellant relies on *these* cases for authority and correctly

interprets them, however they are no longer the law." *Brown Boveri Building Automation, Inc. v. Midland-Ross Corporation,* 333 Pa.Super. at 264, 482 A.2d at 559. (Emphasis added).

While it is clear that the *Stokes* and *Eads* decisions of this Court which involved the joinder of an additional defendant based upon general liability policies, were reversed by our Supreme Court in *Stokes v. Loyal Order of Moose Lodge # 696, supra,* it is not at all clear that *Szemanski* also was overruled. In fact, our reading of the cases reveals that *Szemanski* currently has precedential value. *Accord Rankin v. Sherwin-Williams Company,* 337 Pa.Super. 78, 81, 486 A.2d 489, 490 (1984) ("The case now at bar is procedurally on all fours with *Szemanski* and *Nechwedowich.*").

Larry Szemanski, an employee of United Industrial Maintenance (United) was injured when he fell from an elevated platform while working above the floor and railroad tracks in the plant of Vulcan Materials Company (Vulcan). United agreed to do repair work on a crane owned by Vulcan and located on Vulcan's premises.

The indemnification clause at issue provided that United agreed to indemnify Vulcan against:

all losses and all claims, demands, payments, suits, actions, recoveries and judgments ... arising out of any act or omission" of United or "arising out of the use, occupancy or possession of premises of Vulcan" by United.

*Id.* 272 Pa.Super. at 242, 415 A.2d at 93.

This Court held that the attempted joinder of United as an additional defendant on negligence grounds was barred by Section 303(b)[3] of the Workmen's Compensation Act, *supra.*

This Court also held that Vulcan was to be joined as an additional defendant based upon the express indemnification clause which was executed between the parties.

---

**3.** This section was the predecessor section to § 481(b), *supra.*

However, we note that *Szemanski* and *Stokes* involved the applicability of different aspects of Pa.R.C.P. 2252(a). In *Szemanski,* the question was whether the additional defendant "may be liable over to" the defendant pursuant to an express indemnification clause. Pa.R.C.P. 2252(a). However, the issue in *Stokes* was whether the additional defendant may be liable to the defendant "on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Pa.R.C.P. 2252(a). Thus, these two cases invoked different aspects of the same rule. Accordingly, the discussion of *Szemanski* which appeared in *Stokes* was not controlling law in the *Stokes* decision. Hence, *Szemanski* was not overruled by *Stokes.*

The Supreme Court's reference to overruled cases must be read in context. The pertinent language was framed in the following manner:

> We therefore conclude that the amendment to Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a *general policy of insurance* to be joined in a liability action. *All decisions to the contrary are overruled. Stokes v. Loyal Order of Moose Lodge # 696,* 502 Pa. at 467, 466 A.2d at 1345. (Emphasis added).

Because the Supreme Court's holding in *Stokes* was limited to the application of the amendment of Rule 2252(a) to "a complaint alleging wrongful denial of coverage under a general policy of insurance", *Szemanski* was not reversed. *Id.*

Perhaps the language which led the trial court to conclude that *Szemanski* was overruled appeared in the early portion of the *Stokes* opinion when our Supreme Court said:

> We have not ruled on the propriety of joinder of an indemnitor or insurer under the current version of Rule 2252(a). *Id.,* 502 Pa. at 465, 466 A.2d at 1344.

It is evident that neither did this language reflect a statement of the factual issue presented nor did it constitute a holding of the case.

More importantly, the *Stokes* analysis relied upon *Hottner, supra,* which, as previously mentioned, distinguished between the joinder of an additional defendant based upon a general denial of insurance and pursuant to an express indemnification clause. We are persuaded that the propriety of a joinder of an insurer, and not that of an indemnitor, was ruled upon in *Stokes.*

However, a different result must be reached with respect to the precedential vitality of *Eads v. Smith, supra.* In *Eads,* the plaintiff was injured when he was stricken by the defendant's car while riding a bicycle. The defendant's insurance agent was permitted to be joined as an additional defendant on the basis of a denial of coverage. Hence, because *Eads* did involve a "wrongful denial coverage under a general policy of insurance," [4] *Eads* was overruled by *Stokes.*

Under the circumstances of this case, the trial court must be reversed. The matter is remanded to the Court of Common Pleas for proceedings consistent with this opinion.

Jurisdiction is relinquished.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I join the majority's decision to reverse and remand. I write separately only to make several observations. First, the only reason given by the trial court for refusing to allow the late joinder of the plaintiff's employer as an additional defendant was that Pa.R.C.P. 2252(a) did not allow the joinder of an express indemnitor in an action based on negligence. I agree with the majority that this issue is controlled by the prior decision of this Court in

**4.** *Stokes v. Loyal Order of Moose Lodge # 696,* 502 Pa. at 467, 466 A.2d at 1345.

*Szemanski v. Vulcan Materials Co.*, 272 Pa.Super. 240, 415 A.2d 92 (1979).

The second observation which I would make is that neither the trial court nor this Court has considered whether the stairway leading to the employer's office was a part of the "demised premises" within which the agreement to indemnify was operative. The applicability of the indemnification agreement to the facts of this case, therefore, is still an open question. We hold only that it was error to disallow the late joinder in this case solely on grounds that plaintiff's employer, allegedly an express indemnitor, could not be joined in the plaintiff's action against the landlord for defective design or maintenance of the stairs to the offices of plaintiff's employer.