413 A.2d 1083

**In re ESTATE of Wallace T. BROWN, Deceased.**

**In re ESTATE of Marie B. LONG, Deceased.**

Supreme Court of Pennsylvania.

Submitted March 3, 1980.
Decided May 2, 1980.

200

Spencer D. Hirshberg, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellants.

John Duff, Lawrence Barth, Deputy Attys. Gen., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

These are appeals from the final Decrees of the Court of Common Pleas of Westmoreland County, Orphans' Court

Division. The lower court upheld an inheritance tax assessment on securities held in a joint account created by decedent, Wallace T. Brown, naming himself and his sister, Marie B. Long, as joint tenants with right of survivorship. Marie B. Long died on September 14, 1977; her brother died on November 11, 1977. It is conceded that the account was created in contemplation of death. Inheritance tax was assessed on that part of the joint property passing to Wallace T. Brown for his sister's 50% joint interest in the joint tenancy created by Brown and passing back to him at her death. Later, inheritance tax was assessed again on the total amount of this property (100% of the total joint account) in Wallace T. Brown's estate, when he died weeks later. Appellant contends that imposition of the tax on the property passing from *his sister's* 50% interest in the joint account back to him was in violation of the applicable statute.

The critical facts are that Wallace T. Brown, who was ill with terminal cancer, created a joint tenancy with right of survivorship account in certain securities valued at approximately fifty-four thousand ($54,000.00) dollars at Merrill Lynch, Peirce, Fenner & Smith in Pittsburgh, Pennsylvania. The account was in the names of "Wallace T. Brown and Marie Long, JT WROS". Prior to the creation of the joint tenancy, Brown was the sole owner of the securities. The record establishes that these securities could have been sold by either party after the account was opened.

At the time of the creation of the joint account, Brown's sister appeared to be in excellent health. She died suddenly, however, on September 14, 1977, several weeks before her brother. The Commonwealth imposed an inheritance tax on Marie B. Long's 50% share of the joint account, which then once again became the sole property of her brother. The tax was imposed on one-half of the value of the joint account, at the rate of 15%. Appellant argues that where an owner of property, in contemplation of his own death, transfers such property to himself and another as joint tenants with the right of survivorship, and the transferee thereafter

predeceases the dying transferor, the property is not subject to inheritance tax both in the estate of the transferee and the estate of the transferor.

Appellant's case is based mainly on a reading of two sections of the Inheritance Tax Act, Act of June 15, 1961, P.L. 373, Art. II, §§ 241 and 222, 72 P.S. §§ 2485–241 and 2485–222. Section 241 provides:

> When any property is held in the names of two or more persons, or is deposited in a financial institution in the names of two or more persons, so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to tax under this act, of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant. This section shall not apply to property and interests in property passing by right of survivorship to the survivor of husband and wife. If the co-ownership was created in contemplation of death, within the meaning of section 222 of this act, the entire interest so transferred shall be subject to tax only under section 222, as though a part of the estate of the person who created the co-ownership. (Footnote omitted).

This section deals with three situations: the determination of the taxable share when joint tenancies with right of survivorship are created in property deposited in a financial institution; the inapplicability of the section to such survivorship property passing between husband and wife; and the creation of such survivorship interests in contemplation of death.

Section 222, in pertinent part, provides:

> A transfer . . . made in contemplation of the death of the transferor, is subject to tax under this act. A transfer shall not be deemed or held to have been made in contemplation of death if made more than two (2) years

prior to the death of the transferor, but, unless shown to the contrary, shall be deemed to have been in contemplation of death if it is of a material part of the transferor's estate and is made within two (2) years prior to the death of the transferor.

A transfer is made in contemplation of death when the dominant or impelling motive, but not necessarily the sole motive of the transferor, was prompted by the thought of death, without which motive the transfer would not have been made. The term is not restricted to that expectancy of imminent death which actuates the mind of a person making a gift causa mortis.

Appellant's argument, based on these two sections is that the last sentence of § 241 renders the first sentence of § 241 inapplicable to a joint account created in contemplation of the transferor's death. Further, appellant argues that the last sentence of § 241 requires that the entire interest transferred by Wallace T. Brown to the joint account, quoting the statutory language, ". . . be subject to the tax only under § 222 as though a part of the estate of the person who created the co-ownership."

When sections 241 and 222 are examined together, it is apparent that the last sentence in § 241 was intended to deal with the situation where A transfers property to B in contemplation of death, creating a joint tenancy with right of survivorship, and A's death occurs within two years of the creation of the joint tenancy. In such case, where A predeceases B, B would be liable, under the terms of § 222 for tax on 100% of the amount transferred. The last sentence of § 241 has no applicability to the situation where B predeceases A. Therefore, appellant's argument that the property interest in the joint account which appellant created in Marie B. Long should not be taxable at her death and that Marie B. Long's property interest, under the terms of the last sentence of § 241, should be treated "as though a part of the estate of the person who created the co-ownership," is without merit.

■ Appellant also asserts that the joint account in this case is analogous to a gift causa mortis, or a lapsed testamentary disposition. If this view were to prevail, there would be no tax due because under the applicable case law, a gift causa mortis, similar to a lapsed testamentary disposition, is void if the donor recovers or if the donee predeceases the donor. *Chadrow v. Kellman*, 378 Pa. 237, 106 A.2d 594 (1954); *Titusville Trust Co. v. Johnson*, 375 Pa. 493, 100 A.2d 93 (1953). Appellant argues that if the rationale for taxing a gift in contemplation of death is that it is a testamentary substitute, it should be treated like a testamentary disposition, which remains transitory until the death of the testator. If the donor survives the donee, there is no taxable transfer.

■ There are two flaws in this argument. The first is that in this case a present, not a testamentary interest was created in the transferee. The record establishes that either party to the joint account had the power to sell securities without the signature of the other. Therefore, the transfer was not testamentary in nature; it was a completed gift. Secondly, the first sentence of § 241 applies directly to the facts of this case, and it requires that joint accounts of the type created by Wallace T. Brown are subject to tax under the Inheritance Tax Act "of a fractional portion of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant." Since, as we have pointed out, the last sentence of § 241 does not apply to the situation where a donee predeceases a donor, the first sentence of § 241 controls, and the tax was properly assessed on 50% of the joint interest created in Marie B. Long. See also *Olson's Estate*, 447 Pa. 483, 486, 291 A.2d 95, 97 (1972).

The Decrees of Orphans' Court are affirmed, costs to appellant.

EAGEN, C. J., and O'BRIEN and NIX, JJ., concur in the result.