502 Pa. 460 (1983)
466 A.2d 1341
Jacqueline H. STOKES and Robert Stokes, husband and wife,
v.
LOYAL ORDER OF MOOSE LODGE # 696, a corporation, Appellee,
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., and the James W. Doncaster Agency, Inc., a corporation.
Appeal of GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD.
Supreme Court of Pennsylvania.
October 21, 1983.
*461 Timothy D. Appelbe, Murovich, Reale & Fossee, Pittsburgh, for appellant.
John E. Quinn, Sikov & Love, Pittsburgh, for Loyal Order of Moose Lodge # 696.
Seymour A. Sikov, Paul F. Laughlin, Laughlin & Michalek, Pittsburgh, for Jacqueline H. Stokes and Robert Stokes.
*462 Barris Siegel, Rochester, for James W. Doncaster Agency, Inc.
Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION
ZAPPALA, Justice.
Plaintiffs, Jacqueline H. and Robert Stokes filed a complaint in trespass in the Court of Common Pleas of Allegheny County against defendant, Loyal Order of Moose Lodge # 696, appellee here. Plaintiffs alleged that Jacqueline H. Stokes was injured on March 15, 1980, when a folding chair she was sitting on at appellee's premises collapsed. Appellee filed a complaint to join General Accident Fire and Life Assurance Corporation, Ltd., appellant here, and the James W. Doncaster Agency, Inc. Appellee claims that General Accident breached an insurance policy by refusing either to defend appellee in the action by plaintiffs or to agree to indemnify appellee for any liability; that General Accident is liable for the negligence of its agent, Doncaster, in failing to obtain or renew an insurance policy; and that General Accident is estopped from denying coverage because of Doncaster's conduct. The additional defendants filed preliminary objections, claiming that the complaint against them was not properly joined with plaintiffs' complaint. The Court of Common Pleas sustained the preliminary objections. The Superior Court 302 Pa.Super. 256, 448 A.2d 624 reversed. We granted a Petition for Allowance of Appeal filed by General Accident.
The issue is whether appellee's complaint against appellant may be joined with plaintiffs' suit against appellee. Joinder of additional defendants is governed by Rule of Civil Procedure 2252(a). In its previous version, the rule provided that
In any action the defendant or any additional defendant may file as of course a praecipe for a writ or a complaint to join as an additional defendant any person not a party *463 to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him.
Effective September 1, 1969, the rule was amended to its present form and now reads as follows:
In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be liable or liable over to him on the cause of action declared upon the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.
The effect of the amendment was to allow joinder of causes of action other than that asserted by plaintiff against defendant provided that they arise out of the same transaction or occurrence or series thereof. The effect of the change is illustrated by our decisions. In Incollingo v. Ewing, 444 Pa. 263, 282 A.2d 206 (1971), we applied the unamended version of the rule. The case arose out of the death of a minor allegedly due to the wrongful administration of a drug. The original defendant was the pharmacist who supplied the drug. He joined as additional defendants two physicians who prescribed the drug and the manufacturer of the drug, which allegedly failed to give proper warnings of the drug's dangerous effects. We held that the joinder was proper. The complaint to join the additional defendants was based on the same cause of action as the complaint against the original defendant, i.e. the death of decedent following the administration of the drug.
Mallesky v. Stevens, 427 Pa. 352, 235 A.2d 154 (1967) illustrates a contrasting situation. Plaintiffs sued defendant for damage resulting from his car striking their house. The original defendant was not entitled to join as an additional defendant another party whose car struck plaintiffs' house. The striking of the house by each car constituted a separate *464 incident that gave rise to a distinct cause of action. The additional defendant did not cause any of the damage alleged in the complaint against the original defendant. See 427 Pa. at 356, 235 A.2d at 155 (Concurring Opinion of Justice Roberts).
In Altoona Central Bank & Trust v. American Casualty Company of Reading, 415 Pa. 39, 202 A.2d 29 (1964), a contractor defaulted on a construction contract. The owner and financing agency sued the contractor's surety on a performance bond. The surety filed a complaint to join as an additional defendant an architect who allegedly issued certificates of completion for work not performed or inefficiently performed. We held that joinder was improper because the complaint against the architect stated a different cause from the one stated in the complaint against the surety.
Under the amended version of the rule, it is not a necessary condition for joinder that the complaint to join the additional defendant be based on the same cause of action as the complaint against the original defendant. This is illustrated by Free v. Lebowitz, 463 Pa. 387, 344 A.2d 886 (1975). Plaintiffs there sued to recover for damage to their property caused by a change in a natural water course during the construction of a building. It was proper to join additional defendants on a complaint alleging not only that additional defendants were liable for the damage to plaintiffs' property but also that they were liable for damage to original defendants' property caused from the diversion of the water course. We held that the purpose of the amended rule is to allow causes of action arising out of the same occurrence to be tried together. The complaints of damage to plaintiffs' and original defendants' property stated different causes of action although arising out of the same occurrence, i.e. the building construction leading to the diversion of the water course.
Prior to the amendment of Rule 2252(a), we took the position that an obligation to indemnify was not a proper basis for joining an additional defendant in an action based *465 on the underlying liability. In Lloyd v. Victory Carriers, Inc., 402 Pa. 484, 167 A.2d 689 (1960), a longshoreman brought an action in trespass against a ship owner to recover for personal injuries caused by the ship owner's alleged breach of duty under federal maritime law. We found it improper to join as an additional defendant the stevedore who employed the longshoreman and was contractually obligated to indemnify the ship owner. We held that the complaint based on the indemnity contract stated a cause of action distinct from that stated in plaintiff's complaint in trespass. We have also held that evidence as to whether a defendant in a liability action is insured is irrelevant on the question of liability and the introduction of such evidence may be a basis for declaring a mistrial because of its prejudicial nature. Nicholson v. Garris, 418 Pa. 146, 210 A.2d 164 (1965).
We have not ruled on the propriety of joinder of an indemnitor or insurer under the current version of Rule 2252(a). There have been a number of cases decided by other courts in the Commonwealth. In Nagle v. Split Rock Lodge, Inc., 52 D. & C.2d 497 (C.P. Carbon, 1971), the court allowed the joinder as an additional defendant of a party who agreed to indemnify the original defendant. A similar ruling was made in Graybar Electric Co. v. Burns Electric Co., 5 D. & C.3d 429 (C.P. Allegheny, 1978). In that case, Plaintiff sued a contractor and bonding company to recover for materials furnished to the contractor. The bonding company was allowed to join as additional defendants, individuals who agreed to indemnify it and hold it harmless for any amount it was required to pay as surety.
There have also been Common Pleas decisions disallowing joinder of insurers. Fitzgerald v. Rottner, 56 D. & C.2d 750 (C.P. Dauphin, 1972) involved a suit by a customer against a garage proprietor for damage to a car occurring while it was in the garage. The garage proprietor's insurer could not be joined as an additional defendant. An insurer who was not culpably involved in a motor vehicle accident could not be joined as an additional defendant in an action by the injured *466 party against its insured, Brantley v. Southeastern Pennsylvania Transportation Authority, 7 D. & C.3d 545 (C.P. Philadelphia, 1978). In Bowser v. Pleasant Construction, Inc., 8 D. & C.3d 232 (C.P. Warren, 1978), where a home owner sued a contractor for damages caused by the collapse of a basement wall, the contractor was not permitted to join an insurance company and agent on the theory that they represented that a liability policy would be issued. The court took note of the fact that the case involved a general liability policy rather than an express indemnity contract for a particular transaction. A similar distinction was drawn in Hottner v. Boeltz, No. 9405 of 1978 (C.P. Allegheny, filed April 11, 1979). In that case, the plaintiff sued for damages resulting from a collision between his and defendant's automobiles. Defendant attempted to join her insurer as an additional defendant on the basis of wrongful denial of coverage. The court disallowed the joinder and distinguished its earlier decision in Graybar, supra, on the basis that Graybar involved an express indemnity contract while Hottner involved a general liability policy. The Hottner court held that as the complaint against the original defendant involved alleged negligence in causing an automobile accident and the complaint against the additional defendant involved alleged wrongful denial of insurance coverage, the complaints did not have a common factual background or involve common questions of fact and law and could not be considered to arise out of the same transaction or occurrence.
The Superior Court has allowed joinder of indemnitors and insurers without distinguishing between express indemnity agreements and general liability policies. In Szemanski v. Vulcan Materials, Co., 272 Pa.Super. 240, 415 A.2d 92 (1979), plaintiff was injured on defendant's premises while working on the repair of a crane owned by defendant. Plaintiff claimed that his injuries were due to unsafe conditions that defendant negligently allowed to exist on its premises. The court allowed plaintiff's employer to be joined as an additional defendant, as it had agreed to *467 indemnify defendant against claims arising out of its activities on the premises. In Eads v. Smith, 276 Pa.Super. 129, 419 A.2d 129 (1980), plaintiff was injured when struck by defendant's car while riding a bicycle. Plaintiff alleged negligence on the part of defendant. Defendant's insurance agent was permitted to be joined as an additional defendant on the basis of denial of coverage. The court, citing Szemanski, reasoned that any obligation to provide defense or indemnity would not arise unless defendant were sued and that therefore, the complaint involving defendant's alleged negligence and the complaint involving alleged wrongful denial of insurance coverage arose out of the same occurrence. The court followed its Eads decision in the instant case. Judge Hester, dissenting in Eads, would have limited joinder to cases involving express indemnity agreements such as that involved in Szemanski.
We find that the Court of Common Pleas acted correctly in disallowing the joinder of appellant. The complaint against appellee was based on wife plaintiff's fall on appellee's premises. The complaint to join appellant was based on appellant's alleged obligation to insure and defend appellee. We find that this was a distinct transaction and that the complaints did not arise out of the same transaction or occurrence. We are persuaded by the reasoning in Hottner that such complaints should not be joined because they do not involve a common factual background or common factual or legal questions. The evidence that would establish appellant's obligation to insure is distinct from the evidence that would establish appellee's liability. Appellee may bring a separate action for damages caused by wrongful denial of insurance coverage, Brakeman v. Potomac Insurance Co., 472 Pa. 66, 371 A.2d 193 (1977). Furthermore, a remedy may be sought through a declaratory judgment action, Friestad v. Travelers Indemnity Co., 452 Pa. 417, 306 A.2d 295 (1973). We therefore conclude that the amendment to Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a general policy *468 of insurance to be joined in a liability action. All decisions to the contrary are overruled.
The Order of the Superior Court is reversed and the Order of the Court of Common Pleas is reinstated. The case is remanded to the Court of Common Pleas for proceedings consistent with this opinion.