## Easton-Philipsburg Rent-A-Car, Inc. v. Lafayette Trust Bank

*Dennis A. De Esch,* for plaintiff.
*Stanley J. Margle, III,* for defendant.

WILLIAMS, P.J., October 2, 1984—Before the court are preliminary objections of Vivian Richetta to the complaint joining her as an additional defendant in this action. Her objections are in the nature of

a demurrer to the defendant's complaint or, in the alternative, in the nature of a motion to dismiss the complaint as a misjoinder pursuant to Pa. R.C.P. 1017(b)(5).

This action was commenced by plaintiffs to recover benefits allegedly due and owing under the terms of a life insurance policy issued by defendant Puritan Life Insurance Company (Puritan Life). Said policy was issued to plaintiff Easton-Phillipsburg Rent-A-Car, Inc. on or about August 1, 1978, and was subsequently assigned to plaintiff Lafayette Trust Bank. On or about May 21, 1983, Frank A. Richetta, plaintiffs' insured, passed away. Shortly thereafter, plaintiffs demanded payment in the amount of $50,000 representing full coverage under the insured's policy. Defendant refused payment of full benefits but offered payment in the amount of $3,600, pursuant to the "Reduced Paid-up Insurance" provision in the policy.

Subsequent to plaintiffs' commencement of this action for recovery of full benefits under the insured's policy, defendant Puritan Life filed a complaint joining Vivian Richetta, both individually and in her capacity as executrix for the estate of Frank A. Richetta, as an additional defendant. The complaint joining Vivian Richetta as an additional defendant alleges, inter alia, that policy premiums were in arrears, that both Richetta and Easton-Phillipsburg Rent-A-Car had notice of the arrears, and that pursuant to the "Reduced Paid-up Insurance" provision in the insured's policy, benefits were reduced to $3,600 pending satisfaction of the balance due. Accordingly, defendant asserts that it acted properly and that any liability for reduced coverage falls upon the additional defendant.

Ms. Richetta's objections to the complaint joining her as an additional defendant revolve around her

contention that under applicable procedural rules a prerequisite to her joinder must be alleged liability, on her part, on the same cause of action that triggers defendant's alleged liability to the plaintiffs. Her argument is essentially that defendant's allegations concerning delinquent premium payments, which may or may not be a defense to defendant's liability, cannot support a finding of liability on her part — towards either plaintiffs or defendant — on the cause of action which was instituted by plaintiffs. Her conclusion is that she cannot be joined as an additional defendant based upon a theory of her independent liability to plaintiffs.

Pennsylvania Rule of Civil Procedure 2252 governs the right to join an additional defendant. In relevant part it provides that:

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him *on the cause of action declared upon by the plaintiff* or jointly or severally liable thereon with him, *or* who may be liable to the joining party *on any cause of action* which he may have against the joined party *arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.*" (Emphasis added.) Pa. R.C.P. 2252(a), as amended September 1, 1969.

The effect of the amendment to this rule allowing joinder of additional defendants was to allow for the joinder of causes of action other than that asserted by plaintiff against defendant, provided that the other causes of action arise out of the same transaction or occurrence or series thereof. Free v. Lebowitz, 463 Pa. 387, 344 A.2d 886 (1975); Stokes v. Loyal Order of Moose Lodge No. 696, 502 Pa. 460, 466

A.2d 1341 (1983). Therefore, contrary to the additional defendant's contention, it is not a necessary condition for joinder that the complaint to join additional defendant(s) be based on the same cause of action as plaintiffs' complaint against original defendant. Id. The clear intent of the amendment was to avoid multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence or series thereof which gave rise to plaintiffs' action. Szemanski v. Vulcan Materials, 272 Pa. Super. 240, 415 A.2d 92 (1979). Furthermore, the joinder rule, as amended, is to be given broad interpretation. Id.

Our determination must focus upon an analysis of whether the alleged liability of the additional defendant for non-payment of premiums arises out of the same transaction, occurrence or series thereof, as does the alleged liabliity of the original defendant for benefits due under the policy. If the answer is in the affirmative, joinder is proper.

Our Supreme Court has found that this analysis does not permit joinder where the complaint alleges wrongful denial of coverage under a general policy of insurance in an action based upon tort liability. Stokes v. Loyal Order, supra. It does not, however, preclude joinder when an express indemnity contract, as opposed to a general liability policy, is involved. Id., citing Hottner v. Boeltz, no. 9405 of 1978 (C.P. Allegheny). The relevant factors, in making a determination as to whether the complaints arose out of the same transaction or are founded in distinct transactions, look to the proposed evidence in each cause of action. If the complaints involve a common factual background or common factual and/or legal questions, joinder is proper. In the case at bar, the original complaint and the defendant's complaint involve a common

factual background, common factual questions and similar legal issues. The evidence that would establish Richetta's obligation to pay policy premiums is inescapably connected to the evidence that would establish Puritan Life's liability for payment of full policy benefits. Stokes v. Loyal Order, supra.

Accordingly, we find that, under the facts of this case, joinder is proper and the objections of the additional defendant are denied and dismissed.

### ORDER OF COURT

And now, this October 2, 1984, the preliminary objections of the additional defendant, Vivian Richetta, are denied and dismissed.

Additional defendant is given leave to file a responsive pleading within 20 days from the date hereof.