490 A.2d 930

**GENESIS LEASING CORPORATION**

v.

**MARYLAND CASUALTY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1984.

Filed April 4, 1985.

Fred B. Buck, Philadelphia, for appellant.

Norman M. Lubin, Williamsport, for appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

     This is an appeal from the order of the trial court denying defendant Maryland Casualty Company's petitions to join as additional defendants, Stephen E. and Terry B. Schriner, Pennsylvania Power and Light Company, Dairy Equipment Company t/a Boumatic, and Ray D. Shenk t/a Shenk's Farm Service.[1] We affirm.

Genesis Leasing Corporation initiated the instant cause of action by a complaint against Maryland Casualty Company. Sounding in assumpsit, it alleged that the insurance company was liable under an insurance contract for the loss of Genesis Leasing Corporation's cattle. The insurer then

---

1. Such an order is final and appealable. *Commercial Banking Corp. v. Culp,* 297 Pa.Superior Ct. 344, 443 A.2d 1154 (1982) Pa.R.A.P. 341(a).

petitioned to join the aforementioned prospective additional defendants. The defendant insurer defends its non-payment of plaintiff's claim on the basis that the loss was caused by the negligent care of the cattle, and that negligent care is not within the coverage provided by the insurance policy in question.

Pa.R.C.P. 2252(a) provides for joinder of additional defendants

... who may be alone liable or liable over to [the joining party] on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence ... upon which the plaintiff's cause of action is based.

Our Supreme Court has spoken on the interpretation to be given to Rule 2252(a). In *Stokes v. Loyal Order of Moose Lodge No. 696*, 502 Pa. 460, 467–8, 466 A.2d 1341, 1345 (1983), the court disallowed joinder.

The complaint against appellee was based on wife plaintiff's fall on appellee's premises. The complaint to join appellant was based on appellant's alleged obligation to insure and defend appellee. We find that this was a distinct transaction and that the complaints did not arise out of the same transaction or occurrence. We are persuaded by the reasoning in *Hottner* [*Hottner v. Boeltz*, No. 9405 of 1978 (C.P. Allegheny, filed April 11, 1979)] that such complaints should not be joined because they do not involve a common factual background or common factual or legal questions. The evidence that would establish appellant's obligation to insure is distinct from the evidence that would establish appellee's liability.

Thus, the Supreme Court concluded that appellee could bring a separate action for damages caused by wrongful denial insurance coverage. *Stokes, supra,* 502 Pa. at 467, 466 A.2d at 1345, and cases cited.

In the instant case, the reverse situation exists. The initial complaint is a cause of action for wrongful denial

of insurance coverage. It is the insurer who seeks to join parties whose negligence it claims relieves its obligation to cover the losses incurred by plaintiff. Just as in *Stokes, supra,* where the Court concluded that Rule 2252(a) does not allow a complaint alleging wrongful denial of coverage under a general policy of insurance to be joined in a liability action, we see no reason to permit an insurer defendant to join parties against whom the plaintiffs may have a cause of action in negligence. Nor is such joinder permissible under a theory of possible indemnification or subrogation. The right of subrogation exists only to the extent of actual payment of the subrogee to the insured. *Associated Hospital Service v. Pustilnik,* 497 Pa. 221, 439 A.2d 1149 (1981).

Order affirmed.