## Gali v. The Travelers Insurance Company

*W. Scott Sandusky,* for plaintiffs.
*Jeffrey E. Piccola,* for defendant.
*Patricia A. Butler,* for additional defendants.

RAUHAUSER, *J.,* September 30, 1986 — This matter is before the court on the preliminary objection in the nature of a demurrer of additional defendants to defendant's complaint joining them in this action.

This case has its origin in a collision on October 10, 1984, between vehicles driven by one Jonathan Jones and the additional defendant Robert Heaps. Additional defendant Carl Colvin t/a Delta Auto Sales was the owner of the vehicle driven by Heaps. The insurance carrier for additional defendants, exercising its right of subrogation, took judgment against Jones for the full amount of property damages sustained in the accident. Erie Insurance Co. v. Jones, York County No. 85-N-3927 (1985).

Plaintiffs, who were passengers in the Jones vehicle, suffered personal injuries in the accident. Jones had no liability insurance. Plaintiffs had no uninsured motorist coverage for their injuries. Additional defendants did have liability coverage.

Plaintiffs brought this action against defendant for benefits under the assigned claims plan of Pennsylvania's Financial Responsibility Law. Act of February 12, 1984, P.L. 26, §3, effective October 1, 1984, at 75 Pa.C.S. §1701 et seq.

Defendant joined additional defendants, alleging that their negligence caused plaintiffs' injuries, and asserting that plaintiffs cannot recover under the assigned claims plan until additional defendants' possible liability to plaintiffs is conclusively determined.

Additional defendants raised a preliminary objection in the nature of a demurrer to the third-party complaint. They assert that the liability of Jones is clear from the earlier judgment and the facts of the accident as known, and that their joinder is not authorized by the assigned claims plan, 75 Pa.C.S. §1751, et seq. (1984).

Passengers in an automobile are not bound by a negligence determination for or against the driver of their car when they are not parties to the action. Sollinger v. Himchak, 402 Pa. 232, 166 A.2d 531 (1961); Samuels v. Johnson, 355 Pa. 624, 50 A.2d 670 (1947). Since plaintiffs were not parties to Erie Insurance Co. v. Jones, supra, that action's determination of fault between Jones and additional defendant does not affect any claim by plaintiffs. The earlier judgment thus does not determine liability to plaintiffs for their injuries.

Defendant asserts authority for joinder in its right to subrogation under the Plan. 75 Pa.C.S. §1756 (1984). But a right to subrogation is no authority for joinder in this case since it arises only if, and to the extent of, payments actually made. Genesis Leasing Corp. v. Maryland Casualty Co., 340 Pa. Super. 576, 490 A.2d 930 (1985).

Since the remainder of the assigned claims plan contains no express authority for third-party action, the question becomes whether the legislature intended it to provide for the joinder of third parties as alleged tortfeasors. Legislative intention can properly be determined by examining, inter alia, the object to be obtained by the law, the mischief to be remedied, Com. v. Emerick, 373 Pa. 388, 96 A.2d 370 (1953), and the consequences of a particular interpretation. Salvation Army Case, 349 Pa. 105, 36 A.2d 479 (1944). The object of the statute is to provide assistance in paying the medical bills of those injured by the negligence of uninsured drivers; the mischief to be remedied is the lack of effective recourse for these expenses. The plan recognizes the expense and futility of pursuing a traditional tort remedy against an impecunious, uninsured tortfeasor. The joinder of additional defendants adds nothing to these legislative goals, causing only needless confusion and expense in an action where recovery is already limited. See 75 Pa.C.S. §§ 1753, 1754 (1984).

Because the plan authorizes the recovery only of medical expenses, a tort action against additional defendants could yield a greater recovery if warranted by the evidence. Plaintiffs' decision to seek only medical expenses under the plan implies that the evidence would not establish the liability of additional defendants. The judgment against Jonathan Jones in the earlier action supports the accuracy of their decision. Since the legislature recognized the futility of an action against an uninsured tortfeasor, it could hardly have intended to force claimants under the plan to carry forward an equally fruitless tort claim against an insured party which is not supported by the evidence. It is more consonant with the legislature's intent to allow the injured plaintiff/

claimant his choice between the tort remedy and recovery under the assigned claims plan.

Although the statute requires plaintiffs to show that they are entitled to recover from the uninsured Jones rather than additional defendants, any participation by additional defendants needed for that determination may be gained from their testimony as witnesses to the collision.

The Rules of Civil Procedure authorize the joinder as additional defendants of those "who may alone be liable . . . on the cause of action declared upon by plaintiff. . . ." Pa.R.C.P. 2252(a). Although it may be that the "cause of action declared upon" must be broadly construed to mean damages or injuries, Staub v. Southwest Butler County School District, 263 Pa. Super. 413, 398 A.2d 204 (1979) (per Wieand, J., with one judge concurring specially and one judge concurring in result) affd. 489 Pa. 196, 413 A.2d 1083 (1980), this rule does not authorize joinder of an alleged tortfeasor to a suit for wrongful denial of insurance coverage because a different legal right and injury are involved. Genesis Leasing Corp., supra.

Since the joinder of additional defendants is not authorized by the Rules of Civil Procedure or by the assigned claims plan, the preliminary objection of additional defendant in the nature of a demurrer must be sustained.

## ORDER

And now, this September 30, 1986, the preliminary objection of additional defendant to defendant's complaint is sustained, and additional defendants Robert S. Heaps and Carl Colvin t/a Delta Auto Sales are dismissed from this case.