## Hamot Medical Center of the City of Erie v. Kraus

*Theodore B. Ely,* for plaintiff.
*Joseph A. Yochim,* for defendant.
*Carolyn E. Gold,* for additional defendant.

LEVIN, *J.,* September 22, 1994—This matter was before the court on additional defendant's preliminary objections to the defendant's complaint to join in the nature of a motion to strike for failure to state a claim upon which relief can be granted. On August 30, 1994, this court sustained the preliminary objections of the additional defendant against the original defendant. Thereafter, defendant filed an appeal[1] and requested

---

1. The court believes that the instant appeal was premature. The order, dated August 30, 1994, does not qualify as a final order from

that this court amend the order to include a determination of finality to enable an immediate appeal pursuant to Pa.R.A.P. 341. In an order dated September 16, 1994, the court denied defendant's request for such an amendment. Although it is this court's determination that an immediate appeal would not facilitate resolution of the case, the following opinion reflects the court's reasons for sustaining the additional defendant's preliminary objections, if the appeal is presently or subsequently heard by the appellate courts.

The plaintiff filed suit against defendant on a contract theory of liability. Plaintiff seeks to recover monies for medical treatment rendered to defendant after she was injured in an auto accident in the spring of 1993. Defendant sought to join additional defendant, who was the other driver involved in the accident which allegedly caused defendant's injuries. Thus, joinder of the additional defendant was based on his alleged liability in tort to defendant.

The additional defendant's preliminary objections in the nature of a motion to strike were sustained based on improper joinder under Pa.R.C.P. no. 2252(a). The sole issue is whether the original defendant can join the additional defendant in this contract action for payment of medical services by plaintiff, on the basis of additional defendant's alleged tort liability arising from the auto accident which caused defendant to seek the medical services in question.

Generally, Rule 2252 provides that any defendant or additional defendant may join as an additional de-

which an appeal may be taken as of right, since the order did not dispose of all parties. Pa.R.A.P. no. 341(a) & (b). Further, the court has refused to designate the order as final pursuant to Rule 341(c).

fendant any person, whether or not a party to the action who may be:

"(1) solely liable on the plaintiff's cause of action, or

"(2) liable over to the joining party on the plaintiff's cause of action, or

"(3) jointly or severally liable with the joining party of the plaintiff's cause of action, or

"(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based." Pa.R.C.P. no. 2252(a)(1)-(4).

A review of the instant case shows that additional defendant does not fall within any of these four categories. First, additional defendant cannot be solely liable on the plaintiff's action in contract against defendant, because there is no privity of contract between plaintiff and additional defendant. No contractual relationship exists between plaintiff and additional defendant, nor has there been a valid assignment between defendant and additional defendant of any purported right, duty or obligation under the alleged contractual relationship between plaintiff and defendant. Thus, additional defendant cannot be solely liable on plaintiff's cause of action.

Secondly, the additional defendant could not be found liable over to defendant based on the facts of plaintiff's cause of action. In the plaintiff's contract action, which does not involve any allegations of negligence, additional defendant could not be found liable over to the plaintiff for contribution and/or indemnity since these principles have no application in a contract action.

Joinder under the third category is also inapplicable since the additional defendant could not be found jointly or severally liable with defendant on plaintiff's cause

of action. The principles of joint and several liability do not apply in a contract action.

Finally, defendant argues that joinder of additional defendant was proper since her negligence action and plaintiff's contract action arise out of the same occurrence, the automobile accident. In support of her argument, defendant cites *Stokes v. Loyal Order of Moose Lodge No. 696,* 502 Pa. 460, 466 A.2d 1341 (1983), which is the Pennsylvania Supreme Court's leading case dealing with Rule 2252(a).

"Under the amended version of the rule, it is not a necessary condition for joinder that the complaint to join the additional defendant be based on the same cause of action as the complaint against the original defendant." *Id.* at 464, 466 A.2d at 1343.

"The effect of the amendment was to allow joinder of causes of action other than that asserted by plaintiff against defendant provided that they arise out of the *same* transaction or *occurrence* or series thereof." *Id.* at 463, 466 A.2d at 1343. (emphasis added)

Contrary to defendant's argument, the reasoning in *Stokes* actually supports the disallowance of the joinder in the instant action. In *Stokes,* the defendant was sued by the plaintiff for injuries allegedly sustained on defendant's property. The defendant sought to join its insurer based on a breach of the insurance contract by the insurer's refusal to defend it in the action by plaintiff or indemnify it for any liability to plaintiff. The Pennsylvania Supreme Court found that the disallowance was appropriate where the complaints did not involve a common factual background or common factual or legal questions. Thus, the evidence to be presented in the two causes of action would be distinct. *Id.* at 467, 466 A.2d at 1345.

Similar to *Stokes,* the instant complaints do not involve a common factual background or common factual or legal questions. The plaintiff's complaint against defendant is based on defendant's contractual duty to pay for medical services rendered by plaintiff. The complaint to join the additional defendant is based on the alleged tort liability arising from the auto accident. The evidence necessary to establish plaintiff's contract action is distinct from the evidence necessary to prove defendant's negligence action against additional defendant. Joinder is therefore inappropriate since the occurrences which underlie these separate causes of action are also separate and distinct.[2]

Defendant may—and has brought a separate tort action against the additional defendant based on the auto accident.[3] Defendant may ultimately be successful and receive reimbursement from additional defendant for the medical expenses which are the subject of plaintiff's action. Further, the court is sympathetic to the plight of an injured plaintiff who has incurred hefty medical bills due to another's alleged negligent acts. However, to intertwine such disparate contract and tort actions would be impractical for trial courts and confusing to jurors. Thus, this court declines to do so.

For the foregoing reasons, this court has sustained the additional defendant's preliminary objections by

2. The auto accident and subsequent medical treatment could not be considered a *series* of transactions or occurrences. The word "series" is defined as a number of things or *events of the same kind* occurring in a row or following one after the other in succession. Webster's II New Riverside University Dictionary, p. 1065, The Riverside Publishing Company (1984). (emphasis added) The medical treatment and auto accidents do not qualify as events of the same kind, thus joinder could not be justified on this basis.

3. *Kraus v. Sonney,* no. 11139, Erie County, 1994.

granting the motion to strike the defendant's joinder of the additional defendant.

## ORDER

And now, to-wit, September 22, 1994, it is hereby ordered, adjudged and decreed that the order dated August 30, 1994, sustaining additional defendant's preliminary objections is hereby reaffirmed.