**JOHNSON CONTROLS, INC.,
et al., Plaintiffs,**

**v.**

**IRVING RUBBER & METAL
CO., INC., Defendants.**

No. 4:CV–95–0825.

United States District Court,
M.D. Pennsylvania.

March 21, 1996.

Jay M. Brody, Patricia Polis McCrory, Jeffrey W. Scripture, Harrison & Moberly, Indianapolis, Indiana, for Third-party plaintiff Ace Battery Inc.

Katherine L. Shelby, Wooden McLaughlin & Sterner, Indianapolis, Indiana, for Third-party defendant Monroe.

## MEMORANDUM

McCLURE, District Judge.

BACKGROUND:

Before the court is a motion by third party defendant Monroe Guaranty Insurance Company (Monroe) to dismiss the claims against it for lack of subject matter and personal jurisdiction.[1] For the reasons which follow, the motion will be granted.

DISCUSSION:

### Allegations against Monroe

Battery Salvage, a division of Ace Battery, Inc. (Ace), a defendant in this CERCLA action,[2] filed a third party complaint against Monroe Guaranty Insurance Company (Monroe) on October 19, 1995. Ace alleges in its complaint that: 1) it is an Indiana corporation with its principal place of business in Indiana; 2) Monroe is an Indiana corporation with its principal place of business in Indiana; 3) Johnson Controls, Inc., et. al. (hereafter collectively Johnson Controls), plaintiffs in the underlying CERCLA action, allege that Ace sold parts from lead acid batteries to the Tonolli Corporation (Tonolli) which Tonolli then disposed of at the Tonolli Pennsylvania site which is the subject of this action; 4) Johnson Controls alleges that Ace is jointly and severally liable under 42 U.S.C. § 9607(a) for past and future response and clean-up costs incurred in connection with the government-mandated clean-up of the Tonolli site; 5) Monroe is contractually obligated under a Comprehensive General Liability Policy (Policy No. SMP–329–3–3) issued and in effect during the period materials were disposed of at the Tonolli site to defend and indemnify Ace from all costs incurred in connection with this action, up to policy limits; 6) Ace has formally notified Monroe of its alleged duty to defend and indemnify; 7) Ace denies responsibility on the grounds that no coverage exists under the terms of the alleged policy and on the further ground that no policy was in effect during the relevant period; and 8) Monroe has filed a declaratory judgment action in Marion County, Indiana, Superior Court Case No. 49D12–9508–CP–1319, requesting a ruling on its alleged obligation to defend and indemnify Ace in this action.

### Subject matter jurisdiction

Ace asserts that this court has supplemental jurisdiction over its third party complaint against Monroe. Under 28 U.S.C. § 1367(a), in any civil action of which the district court has original jurisdiction, the district court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

---

1. Record document no. 82.

2. The Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C. §§ 9601–9675.

Constitution." Supplemental jurisdiction includes "claims that involve the joinder or intervention of additional parties." *Id.*

Citing *LaSalle National Trust v. Schaffner,* 818 F.Supp. 1161 (N.D.Ill.1993), Ace argues that this court's undisputed original jurisdiction over the CERCLA claims asserted against it by Johnson Controls based on 42 U.S.C. § 9613, confers supplemental jurisdiction over the claims asserted against Monroe. In *LaSalle,* the district court noted that "only a loose factual connection" is needed to support a finding of supplemental jurisdiction under section 1367(a). *Id.,* at 1165. The court found the allegations in the action before it more than sufficient to satisfy that criteria. There, just as in the case before this court, the underlying action was a CERCLA claim for response costs incurred in cleaning up a contaminated site.

Plaintiff LaSalle National Trust (LaSalle), the current owner of the property, sought to recover its response costs from defendants Jerry Schaffner and Martin Schaffner, former owners of the site, who were alleged to be responsible for disposing of toxic substances on site. Also named as a defendant in the suit was Chicagoland Laundry and Cleaners, Inc. (Chicagoland) an Illinois corporation owned and operated by the Schaffners. Chicagoland and the Schaffners filed an amended third-party complaint against Illinois Employers Insurance of Wausau (Wausau), alleging an obligation to defend and indemnify them against the claims brought by LaSalle. The district court ruled that it had supplemental jurisdiction under section 1367(a) over the third party action filed against Wausau, because it arose out of the same facts as the CERCLA claims asserted against Chicagoland and the Schaffners.

We disagree with the analysis of *LaSalle* on this point, on the ground that it is not consistent with the application of section 1367(a) in this circuit. The United States District Court for the Eastern District of Pennsylvania rejected the application of supplemental jurisdiction on a fact pattern nearly identical to the one before this court. *Bunzl Pulp & Paper Sale, Inc. v. Golder,* 1995 WL 89026 (E.D.Pa. March 2, 1995) was a CERCLA action filed by Bunzl Pulp & Paper Sale, Inc. (Bunzl) to recover its environmental cleanup costs from allegedly responsible parties. One of the defendants named in the action was the Federation of Jewish Agencies of Greater Philadelphia (the Federation). The Federation joined its insurer, Pennsylvania National Mutual Casualty Insurance Company (Penn National) as a third party defendant, claiming a right to a defense and to indemnification.

In concluding that supplemental jurisdiction was lacking, the district court relied upon recent Third Circuit authority. The court cited *Lyon v. Whisman,* 45 F.3d 758 (3d Cir.1995), in which the Third Circuit "cast doubt on the appropriateness of the 'loose nexus' test," the test which the district court relied upon in *LaSalle.*

The district court in *Bunzl* then went on to cite and follow, as persuasive authority, the Pennsylvania Supreme Court decision in *Stokes v. Loyal Order of Moose Lodge # 696,* 502 Pa. 460, 466 A.2d 1341 (1983). In *Stokes,* the Pennsylvania Supreme Court interpreted Pennsylvania's joinder rule, a rule similar to the federal rule. Pennsylvania Rule of Civil Procedure 2229, governing permissive joinder of parties, provides that a plaintiff may join "as defendants persons against whom he asserts any right to relief … in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." 42 Pa.Cons.Stat.Ann., Pa.R.Civ.P. 2229. The Pennsylvania Supreme Court held in *Stokes* that a coverage dispute between a defendant and its insurer does not arise out of the same transaction or occurrence as the original injury sustained by the plaintiff.

Applying the logic of *Stokes* to the case before it, the district court held in *Bunzl,* that:

> Federation's claims against Penn National do not arise from the same nucleus of operative facts such that they are part of the same case or controversy and within this court's supplemental jurisdiction.…
> [Footnote omitted.].… Despite the fact that the parties seem to want to bring in

Penn National in order to deal with the question of liability for the contamination of the Hancock and Senn Properties in one unified suit, and despite the practical appeal of such a procedure, this court lacks subject matter jurisdiction over the third party claims, as they do not arise out of the same nucleus of operative facts as the underlying suit. The Federation's third party claim against Penn National must be dismissed for lack of subject matter jurisdiction.

*Bunzl*, 1995 WL 89026 at *5. The district court ruling *Bunzl* is consistent with the treatment of this issue and related issues by other courts.

■ The decisions of other courts have made clear that not only is supplemental jurisdiction lacking for claims against insurers of potentially responsible parties, such claims do not arise under CERCLA. In *Allied Corporation v. Environmental Purification Advancement Corporation*, 848 F.Supp. 67 (M.D.La.1994), the United States District Court for the Middle District of Louisiana rejected the contention that CERCLA confers federal subject matter jurisdiction over claims for contribution asserted against the insurer of a potentially responsible party. The court held that neither 42 U.S.C. § 9607(a) nor 42 U.S.C. § 9613(f)(1) confers subject matter jurisdiction over such claims. On that basis, the district court dismissed the federal claims alleged against the insurers. The court then declined to exercise supplemental jurisdiction over the remaining state law claims asserted against the insurers on the ground that such claims raised "complex issues of state law which should be tried in state court." *Id.* at 70.

The ruling by the Eleventh Circuit Court of Appeals in *Hudson Insurance Co. v. American Electric Corp.*, 748 F.Supp. 837 (M.D.Fla.1990), is also consistent with the conclusion which we reach here. Hudson Insurance Co. (Hudson) filed a declaratory judgment action in federal court seeking an order declaring that it had no obligation to cover a verdict rendered against its insured for cleanup costs. The district court dismissed the case for lack of subject matter jurisdiction, holding that the cause of action asserted did not arise under federal law, and therefore no jurisdiction existed under 28 U.S.C. § 1331.

■ Returning to the case before us, we find no basis upon which this court could legitimately exercise subject matter jurisdiction over the claims asserted by Ace against Monroe. The claims are not closely enough allied to the underlying CERCLA claims to justify this court's exercise of supplemental jurisdiction over them. Nor is there any viable federal cause of action assertable under CERCLA directly against Monroe. Ace is not without recourse for pursuing the claims asserted here. It has already filed a declaratory judgment action in Marion County, Indiana, Superior Court Cause No. 49D12–9508–CP–119, asserting the same claims asserted here and can, presumably, pursue that action to conclusion.

For these reasons, we will grant Monroe's motion to dismiss the third party complaint filed against it for lack of subject matter jurisdiction.

### Personal jurisdiction

■ Monroe argues that it has insufficient contacts with Pennsylvania to justify this court's exercise of personal jurisdiction over it. The service of process rules of the state where the district court sits govern personal jurisdiction issues. *Bane v. Netlink, Inc.*, 925 F.2d 637, 639 (3d Cir.1991) and Fed. R.Civ.P. 4(e). The Pennsylvania long-arm statute permits state courts to exercise *in personam* jurisdiction "to the fullest extent allowed under the Constitution of the United States" and to be based on "the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981). The principal inquiry is whether the exercise of jurisdiction is constitutionally proper.

■ Whether personal jurisdiction may be exercised over an out-of-state defendant is a question of law. When personal jurisdiction is challenged, the plaintiff bears the burden of proving that it is proper through affidavits "or other competent evidence". *North Penn Gas Co. v. Corning Natural Gas Corp., per curiam*, 897 F.2d 687, 689 (3d

Cir.), *cert. denied,* 498 U.S. 847, 111 S.Ct. 133, 112 L.Ed.2d 101 (1990).

■ Personal jurisdiction may be based either on the conduct of the non-resident defendant which gave rise to the cause of action, namely, specific jurisdiction, *North Penn Gas,* 897 F.2d at 690, or on the defendant's general contacts with the forum state, provided those contacts are "continuous and systematic", termed general jurisdiction.[3] *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 473 n. 15, 105 S.Ct. 2174, 2181–82, 2182 n. 15, 85 L.Ed.2d 528 (1985) and *Helicopteros Nacionales de Colombia, S.A. v. Hall, (Hall),* 466 U.S. 408, 414 n. 8 and 9, 104 S.Ct. 1868, 1872 n. 8 and 9, 80 L.Ed.2d 404 (1984). See also: *Vetrotex Certainteed v. Consolidated Fiber Glass,* 75 F.3d 147, 151 (3d Cir.1996).

■ Here, Ace argues that specific jurisdiction exists. Specific jurisdiction is based on a defendant's having purposefully directed activity toward the forum state, such that it could "reasonably anticipate being haled into court there", *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183; *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) and *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958). Proof that the defendant has "purposefully directed" its activities at residents of the forum state, "deliberately engaged" in "significant activities" in the state, or created "continuing obligations" with state residents establishes personal jurisdiction over the defendant in litigation arising out of such activities. *Burger King,* 471 U.S. at 475–76, 105 S.Ct. at 2183–84 (Citations omitted.)

■ If minimum contacts exist, then the court considers whether its exercise of personal jurisdiction over the defendant "accords with the notions of 'fair play and substantial justice.' " *Grand Entertainment*

*Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 481 (3d Cir.1993), citing *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The defendant bears the burden of showing that such is not the case, and the factors relevant to that determination are: 1) the interests of the forum state; 2) the plaintiff's interest in obtaining relief; 3) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 4) the shared interest of the several States in furthering fundamental substantive social policies. *Mesalic v. Fiberfloat Corp.,* 897 F.2d 696, 701 (3d Cir.1990), citing *Asahi Metal Industry Co. v. Superior Court,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987). In making this determination, if the requisite minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction may "justify even the serious burdens placed on the alien defendant." *Grand Entertainment Group,* 988 F.2d at 483.

■ Although jurisdictional questions are decided on the specific facts of the case, *Mellon Bank (East) PSFS, National Association v. Farino,* 960 F.2d 1217, 1224–25 (3d Cir.1992), in general the following are true. Unilateral acts of the plaintiff or a third party are not sufficient in and of themselves to establish specific jurisdiction because they do not satisfy the purposeful availment requirement. *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183–84 and *Hall,* 466 U.S. at 417, 104 S.Ct. at 1873–74. A non-resident defendant's responses to requests or inquiries of other parties are considered in weighing its contacts, but cannot be the sole basis for a finding that jurisdiction exists. *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183. "Random", "fortuitous", and "attenuated" contacts are likewise insufficient, by themselves, to satisfy due process. *Burger King,*

---

**3.** "[G]eneral jurisdiction exists when there are sufficient contacts to justify an assertion of 'personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum.' " *Covenant Bank for Savings v. Cohen,* 806 F.Supp. 52, 55 (D.N.J.1992), quoting *Hall,* 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9. "Mere minimum contacts" are not

enough to establish general jurisdiction—"The nonresident's contacts to the forum must be continuous and substantial." *Provident National Bank v. California Federal Savings & Loan Association,* 819 F.2d 434, 437 (3d Cir.1987). Accord: *Hall,* 466 U.S. at 415–16, 104 S.Ct. at 1872–73.

471 U.S. at 475, 105 S.Ct. at 2183–84 (Citations omitted.)

Specific jurisdiction can exist without a showing that the defendant has established a physical presence within the forum state. Thus, it is not essential for the plaintiff to produce evidence that the defendant maintains offices or bank accounts, stores, supplies or equipment, etc., in the forum state. *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184. See also: *North Penn,* 897 F.2d at 690 (3d Cir.1990).

### Monroe's motion to dismiss on personal jurisdiction grounds

Monroe submits an affidavit from Marsha Harrison, Secretary and Vice–President of Legal Services for Monroe, in support of its motion. Harrison attests to Monroe's lack of contacts with Pennsylvania. She states:

1) Monroe is not admitted to do business in Pennsylvania and does not solicit business in the Commonwealth;

2) Monroe has no offices or employees in the Commonwealth;

3) Monroe owns no property in the Commonwealth and has no bank accounts here;

4) Monroe does not advertise in the Commonwealth;

5) Monroe is not registered to issue insurance policies in the Commonwealth and does not issue policies here;

6) Monroe does not have agency agreements with any insurance brokers located in Pennsylvania.

Ace offers no facts or assertions to controvert Harrison's statements. Rather, it pins its entire argument for jurisdiction on 42 Pa.Cons.Stat.Ann. § 5322(a)(4). Section 5322(a)(4) confers on any "tribunal of this Commonwealth ... personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or other matter arising from such person.... [c]ausing harm or tortious injury by an act or omission in this Commonwealth." Ace argues that by denying any obligation to defend or indemnify it from the claims in this action, Monroe will inflict harm on Pennsylvania residents by subjecting them to the possibility that a verdict entered against Ace will be unrecoverable.

We find this argument unpersuasive. Ace offers no case law in support of this rather novel argument, and it seems to this court that stretching section 5322(a)(4) to the limits urged by Ace would eradicate the constitutional requirements of minimum contacts.

Minimum contacts are plainly lacking here. Monroe has no contact with this jurisdiction. The policy alleged to apply was issued in Indiana by an Indiana company to another Indiana corporation. There is nothing whatsoever before us to suggest that Ace did or does business in Pennsylvania, shipped products here, etc. such that Monroe would have had any inkling of the possibility of a claim arising here against Ace which it would then be called upon to defend. Further, even if there were such evidence, we are not entirely persuaded that even that would be a sufficient basis for haling Monroe into court here to defend as a named party a declaratory judgment action filed against it.

Since the requisite minimum contacts are lacking, we do not reach, "the secondary issue of whether exercising jurisdiction would comport with fair play and substantial justice." *Vetrotex,* 75 F.3d at 153 n. 9.

For all of these reasons, we find that personal jurisdiction over Monroe is plainly lacking and will grant its motion to dismiss on that ground as well.